### CHAN TSE CHEUNG v. UNITED STATES.

(District Court, W. D. Texas, El Paso Division. July 18, 1911.)

No. 307.

ALIENS (§ 32*)—CHINESE PERSON—DEPORTATION—IDENTITY—EVIDENCE.

Evidence *held* insufficient to identify. appellant against whom a deportation order had been rendered as the same person who had been granted a certificate to enter the United States by the Superintendent of Imperial Chinese Customs at Canton, viséd by the American Consul General, as a fruit merchant.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 93–95; Dec. Dig. § 32.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 588.]

Deportation proceedings by the United States against Chan Tse Cheung. From an order of deportation issued by the United States commissioner, the alien appeals. Affirmed.

This is an appeal from an order issued by the United States Commissioner at El Paso deporting the appellant to China. It appears that on April 6, 1909, the Superintendent of Imperial Chinese Customs, at Canton, China, issued to one Chan Tse Cheung a certificate, in accordance with section 6, Act July 5, 1884, c. 220, 23 Stat. 116, 117 (U. S. Comp. St. 1901, pp. 1307, 1308), as evidence of the right of Chan Tse Cheung to enter the United States. This certificate was duly viséd by the American Consul General at Canton, and has the photograph of Chan Tse Cheung attached. Among

other things, the certificate shows that the applicant therefor was a fruit merchant, born in 1886, and had an interest in the firm of Hang Fat at Canton. The amount in gold invested in the business was $12,000, and Chan Tse Cheung's share $4,000. No physical peculiarities of the applicant are noted in the certificate. Subsequently Chan Tse Cheung landed in San Francisco, Cal., where the immigration officials, presumably in conformity with departmental regulations, took up the Canton certificate, and delivered August 23, 1909, to Chan Tse Cheung a paper entitled "certificate of identity." Chan Tse Cheung gave the officials in exchange for this certificate of identity a receipt, bearing the same date as the certificate last mentioned. Both the identity certificate and receipt executed by Chan Tse Cheung had photographs attached. The former noted the following physical marks and peculiarities of the immigrant: "Large scar on left temple; large scar on forehead; small mole under left ear." The receipt described the physical marks as follows: "Long scar over left temple; large scar on forehead above the center of eye brows; small mole under left ear; small scar under left nostril." At the time of the appellant's arrest for being unlawfully in the country he had in his possession the certificate of identity above referred to. A photograph of the appellant was taken by the officials at El Paso and at a hearing before the commissioner the appellant offered this photograph in evidence as his likeness. The testimony of the Chinese interpreter clearly shows that in his opinion the photograph, attached to the Canton certificate, was not the picture of the appellant. The hearing resulted in an order of deportation and an appeal to this court.

George Estes, for appellant.
S. Engelking, Asst. U. S. Atty.

MAXEY, District Judge (after stating the facts as above). After a careful examination of the record, the court is of the opinion that the order of deportation passed by the commissioner should, for the following reasons, be affirmed:

(1) The photograph of the appellant taken by the immigration authorities at El Paso and admitted by the appellant to be a likeness of himself bears but slight, if any, resemblance to the one attached to the original certificate, issued by the Superintendent of Imperial Customs at Canton, China, to Chan Tse Cheung on April 6, 1909. Nor is there any apparent resemblance between the El Paso photograph and the pictures attached at San Francisco to the certificate of identity and to the receipt executed by Chan Tse Cheung.

(2) The certificate of identity issued to Chan Tse Cheung August 23, 1909, by the immigration officials at San Francisco, upon which the appellant relies for identification, and the receipt therefor signed by Chan Tse Cheung, describe certain physical marks and peculiarities, such as scars, &c., which were not found upon the face of the appellant when he was examined at the hearing before the commissioner at El Paso.

(3) The certificate issued by the Superintendent of Imperial Chinese Customs states that the amount in gold invested by the firm of Hang Fat (of which Chan Tse Cheung was a member) in the fruit business was $12,000, and that Chan Tse Cheung's share therein was $4,000, whereas the appellant testified before Commissioner Oliver that his share in the business was $1,500 Chinese money.

In view of the foregoing, the court has reached the conclusion that

the appellant has failed to establish that the original certificate issued at Canton and viséd by the American consul was issued to or intended for him. In other words, and to be more exact, the proof fairly discloses that the appellant is not the person to whom such original certificate was issued.

Failing to connect himself with the original certificate, which by statute is made in such cases the sole evidence of his right of entry into the United States (Mar Bing Guey v. United States [D. C.] 97 Fed. 579), the appellant has failed to establish that he is lawfully in the country. An order will therefore be entered affirming the order of deportation.