## MON SINGH v. WHITE, Commissioner of Immigration. *

(Circuit Court of Appeals, Ninth Circuit. August 1, 1921.)

No. 3577

1. **Aliens ⚖⇒54—Deportation proceedings held not barred by Immigration Act enacted subsequent to alien's entrance.**

Immigration Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj), providing that deportation may be had at any time within three years after entry of any alien who shall have entered the United States by land at any other than a designated port of entry, or who enters without inspection, being retroactive to include aliens who entered before the passage of the act, and the third proviso of such section, declaring the provisions thereof, "with the exception hereinbefore noted," applicable to the classes of aliens therein mentioned, irrespective of the time of their entry, having no relation to the classes of aliens mentioned in such section, the time for deportation of whom after entry is fixed, a proceeding for the deportation of an alien likely to become a public charge at the time of his entry, who entered without inspection prior to the passage of such act, is not barred by section 38 (section 4289¼u) thereof, providing that nothing contained in the act shall be construed to affect any prosecution except as mentioned in the third proviso of section 19, provided such proceedings were commenced within the time limit fixed by the act.

2. **Aliens ⚖⇒54—Court bound by conclusions of Secretary of Labor in deportation proceedings, where evidence is conflicting as to identity of alien sought to be deported.**

In a proceeding for the deportation of an alien, who entered the United States without inspection, where the testimony of the Immigration Inspector, before whom the hearing was had, and of a companion, who was with such alien at the time he entered the United States, and other evidence, was conflicting as to his physical characteristics, but was competent, in view of the practice before an inspector of immigration, and tended to identify the alien as the man wanted, the record was one for the exercise of independent judgment by the Secretary of Labor, by whose conclusions the court is bound.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Frank H. Rudkin, Judge.

Petition for writ of habeas corpus by Mon Singh, sometimes referred to as Man Singh, against Edward White, as Commissioner of Immigration, Port of San Francisco. From a judgment against petitioner, he appeals. Affirmed.

---

⚖⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied October 10, 1921.

George A. McGowan, of San Francisco, Cal., for appellant.

Frank M. Silva, U. S. Atty., and Ben F. Geis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT and HUNT, Circuit Judges, and WOLVERTON, District Judge.

WOLVERTON, District Judge. The appellant, Mon Singh, was arrested on a warrant issued by the honorable Secretary of Labor, of date September 18, 1917, charging "that he was a person likely to become a public charge at the time of his entry into the United States, and that he entered without inspection"; the date of the entry being on or about November 1, 1915. A hearing was had before an immigration inspector in October and November, 1917, at which appellant was at all times represented by counsel, which resulted in an order of the Secretary of Labor directing his deportation. Thereupon appellant petitioned the court below that a writ of habeas corpus issue and that he be discharged from custody of the officer holding him for deportation. The petition, upon demurrer, was held insufficient, and the appeal is from the judgment which followed.

[1] It will be noted that the date of petitioner's entry was on or about November 1, 1915, which was prior to the passage of the Immigration Act of February 5, 1917 (39 Stat. 874), and the question is suggested whether the proceeding is not barred by section 38 of the act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼u). Section 19 (section 4289¼jj) provides that deportation may be had, at any time within three years after entry, of any alien who shall have entered the United States by land at any place other than one designated as a port of entry, or "who enters without inspection." Section 38 provides:

"That nothing contained in this act shall be construed to affect any prosecution * * * except as mentioned in the third proviso of section 19 hereof."

That proviso is as follows:

"Provided further, that the provisions of this section, with the exceptions hereinbefore noted, shall be applicable to the classes of aliens therein mentioned irrespective of the time of their entry into the United States."

But this proviso can have no relation to the classes of aliens mentioned in section 19, the time for deportation of whom after entry is fixed. Consequently the third proviso cannot affect the petitioner here. Moreover, this court has recently held that section 19 is retroactive, to include aliens who entered before the passage of the act. Ng Fung Ho v. White (C. C. A.) 266 Fed. 765. And that will apply, of course, provided the proceedings for deportation are commenced within the time limit fixed by the act.

[2] The only other question material is whether, under the evidence, there is sufficient identification of the petitioner to warrant the Secretary of Labor in finding that he is the person who entered without inspection. Dovan Singh, alias Pahn Singh, was examined before an immigration inspector at Los Angeles, Cal., and his testimony

thus taken was read in evidence. He relates that Man Singh conducted him and one Takur Singh across the Mexican border into the United States on November 7, 1915. His description of Man Singh is as follows:

"He is a man about 45 years old, height about 5' 9", weighs about 180 lbs., wears his hair long and has a turban, but ties his hair up on his head, has a long beard, parted in the middle, sometimes he wears it straight down, sometimes he ties it up. He has a few smallpox pits on his face and forehead. He walks with a sort of a limp, on the side of his heel, on the right foot."

Plumly, the inspector before whom the hearing was had, describes the petitioner as:

"Age—47 years.
"Height—5 ft. 9¾ in.
"Complexion—Dark.
"Eyes—Deep-set; brown.
"Weight—169 lbs. (Has large frame, but is lean and hard after his summer's work; could easily weigh 180 to 185 lbs.)
"Hair—Black; slightly gray. Wears hair long, with a white turban; hair is tied up on head.
"Beard—Black, tinged with gray; is now short.
"Marks—Prominent snag tooth on right side, upper jaw, projecting over two others. Walks without limp. Small pit marks on face and forehead; pit marks on nose.
"Cheek bones are rather high."

Another description is given of petitioner which comes through correspondence with the inspector in charge at Los Angeles, and which was procured, from some source which does not appear, at the time of the issuance of a previous warrant looking to the deportation of petitioner. In this is shown the following:

"Prominent snag tooth on left side, upper jaw, seemingly projecting over two others. Walks with a slight limp."

No reference is made to "pit marks" on face. The limp seems to have been wanting at the time of the examination, although Edward L. Peery, city marshal at Payson, Utah, who has known petitioner since March or April, 1917, relates that he has noticed him limp, and that he seemed to favor his right foot or leg. Several who had known him previous to the examination testified that he did not walk with a limp. In his summary of the testimony, Plumly, the immigration inspector before whom the hearing took place, has this to say:

"The alien arrested tallies with the descriptive statements of the man wanted, except that now he does not walk with a perceptible limp, and his snag (or hood) tooth is on the right side, instead of the left."

The petitioner claimed at the hearing that his name was not Man or Mon Singh, but that it was Ram Singh, and among other things he testified that he came to the United States, landing at San Francisco from ship Manchuria, about the 14th or 15th of April, 1910, under the name of Ram Singh. Reference to the records shows that two Hindus entered ex Steamship Manchuria April 15, 1910, namely,

Mahan Singh, laborer, age 30, and Ram Singh, age 25, laborer. Neither of these men in age tallies with petitioner, who gave his age as 47. It further appears that petitioner, in September, 1917, declared his intention to become a citizen, representing that he landed at San Francisco March 5, 1908. So that petitioner's story of himself is a vacillating one.

An alibi was attempted to be established on the part of petitioner; but this, in the view of the inspector, failed. There is here a clear controversy in the testimony. Recurring to the description, it will be noted that Dovan Singh makes no reference to the snag tooth, but does speak of the limp and "pit marks" on the face. The description given when previous warrant was applied for places the snag tooth on the left side, shows the limp, but makes no reference to "pit marks" on the face. The man examined had a snag (or hood) tooth, located on the right side, upper jaw; was "pit-marked" about the face, but walked with no perceptible limp.

The circumstances are peculiar, and how the evidence is to be reconciled is not for us to say. It is obvious that the evidence offered and admitted was competent in character, in view of the practice before an inspector of immigration, and tends in some degree to identify petitioner as the man wanted. The case is not one of a total absence of competent testimony, nor one where but one conclusion may be drawn. We are impressed that the record is one for the exercise of independent judgment by the Secretary of Labor, and the court is bound by his conclusions. We are the more reconciled to this conclusion in view of the fact that since the order of deportation was issued the petitioner has admitted to the inspector that his true name is Man Singh, pronounced Mun (or Mohn) Singh.

Judgment affirmed.

⬩⧟For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes