### LEE HING v. NAGLE, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1924.)

No. 4096.

1. **Aliens ⊕⇒32(13)—Finding of fact by board of inquiry on conflicting evidence not reviewable.**

   Decision of a question of fact by a board of special inquiry, on conflicting evidence, is not reviewable by the courts.

2. **Aliens ⊕⇒28—Certificate of identity not conclusive of citizenship.**

   A certificate of identity, issued to a Chinese person as a citizen, is for his protection while residing in the United States, and is not a final determination of his status of citizenship, when brought in question in collateral proceedings.

3. **Aliens ⊕⇒32(1)—One seeking admission for the first time not entitled to judicial determination of his claim to citizenship.**

   While one lawfully within the United States, claiming to be a citizen thereof, cannot be removed therefrom by executive order, but has the right to have the question of his asserted citizenship judicially determined, one seeking admission for the first time, claiming citizenship, has no such right, but the question of his citizenship is determinable by the immigration authorities.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Petition in habeas corpus by Lee Hing, also known as Lee Good Ming, against John D. Nagle, Commissioner of Immigration, Port of San Francisco. From an order denying the writ petitioner appeals. Affirmed.

For opinion below, see 291 Fed. 271.

Joseph P. Fallon, of San Francisco, Cal., for appellant.

John T. Williams, U. S. Atty., and Alma M. Myers, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. In an appeal from an order of the District Court denying a petition for a writ of habeas corpus, Lee Soo contends that he has been unlawfully excluded from entering the United States. Lee Soo, the applicant, was born in China in 1905. He applied for admission to the United States at San Francisco in October, 1922, as the son of Lee Hing, alias Lee Good Ming, alleged to be a native-born citizen of the United States. The question of the relationship of Lee Soo and Lee Hing is not directly involved, as decision depends upon whether the Lee Hing, called the father of Lee Soo, was a native-born citizen of the United States. If he was, it will be assumed that Lee Soo has a right to admission.

Lee Hing asserts that he was born in San Francisco, in 1876; that he left the United States in March, 1882, went to China, and after more than 15 years' absence returned on November 10, 1898, holding ticket No. 162 on the steamship Belgic; that in October, 1904, he again left the United States on the steamship Mongolia, and returned on the Manchuria May 13, 1906; that again he left the United States, embarking from Seattle, in December, 1912, and returned on the Mongolia June 1, 1915. On these return trips Lee Hing was given a certificate of identity and was admitted as a native of the United States. On his second return, May 13, 1906, the inspector in charge of the Chinese bureau reported that in the case of Lee Hing, #64, Manchuria May 13, 1906, he had compared a photograph which was annexed with that in the file of the previous landing, and found them to be one and the same person.

The complication now before us arose by reason of the fact that on April 1, 1912, another Chinaman called Lee Hing filed an application for a return certificate, obtained one, left for China on the Mongolia April 12, 1912, returned on the Mongolia on April 22, 1913, and was admitted on a certificate as a native of the United States. Now comes this last referred to Lee Hing, asserting that he was the same Lee Hing who had been admitted on certificate No. 162 on the steamship Belgic on November 10, 1898, and was duly admitted as a native. In other words, two men claim to have been the Lee Hing who returned on the Belgic in 1898. Within these conflicting contentions the question of identity has been tried out, with the result that the board of special inquiry concluded that the record of 1898 did not relate to the father of petitioner here, but to another man, Lee Hing, and that as a consequence the citizenship of the petitioner has not been established as a fact.

[1] We have examined the record, and find ample justification for the conclusion reached by the board of special inquiry. The question of identification was one of fact, and decision thereon will not be disturbed. Mon Singh v. White (C. C. A.) 274 Fed. 513; Chan Tse Cheung v. United States (D. C.) 189 Fed. 412. The record shows that both claimants to the Belgic landing were arrested on departmental warrant, and after investigation the Assistant Secretary of Labor, in August, 1916, canceled both warrants, basing his action upon the ground that he was not satisfied that either of the Chinamen was the identical

person he claimed to be. The Assistant Secretary of Labor added that the decision was not intended to bear upon the rights of citizenship, but "only upon the disposition of the warrants now outstanding." Thereafter, in September, 1916, a certificate of identity was issued by the local office of the immigration authorities to the father of the present petitioner; the certificate being to the effect that the person named therein was legally admitted as of the status indicated, "whereof satisfactory proof has been submitted."

[2] Based largely upon the fact of the certificate issued, appellant's contention is that there was adjudication by the Department of Labor that the father of the petitioner is a citizen of the United States, and that therefore the executive officers have no lawful power or authority to deny admission to his child, and that the board of special inquiry proceeded upon the erroneous theory that it is the duty of the petitioner to establish to the satisfaction of the board that his father is a citizen, whereas the burden is upon the government to overcome the strength of the prior adjudication and certificate of identity. The error of the contention is in assuming that in an exclusion case such as this a certificate of identity is a final determination of the status of citizenship of the holder of the certificate. A certificate of identity, when issued, is granted for the protection of the Chinese person while residing in the United States, and is not accepted as wholly satisfactory evidence in any other connection. Rule 19 of Rules Governing the Admission of Chinese. Estoppel cannot be relied upon, for there never has been an adjudication as to the citizenship of petitioner's father. Lew Quen Wo v. United States, 184 Fed. 685, 106 C. C. A. 639; Lo Hop v. United States, 257 Fed. 489, 168 C. C. A. 493.

In Pearson v. Williams, 202 U. S. 281, 26 Sup. Ct. 608, 50 L. Ed. 1029, a board of special inquiry admitted immigrants and thereafter ordered them deported. The court held that the act of admission was not equivalent to a certificate of status or residence issued in accordance with the provisions of some treaty or statute. As was held by Judge Rose in Ex parte Wong Yee Toon (D. C.) 227 Fed. 247, a certificate of admission imports prima facie verity, and is not to be treated as though it never had existed, and some evidence must be produced to justify the immigration authorities denying to it its usual and appropriate effect. But we are not ready to hold that a mere admission of an alien into the United States is in itself an evidentiary fact, which will protect the alien against subsequent deportation upon the same evidence which has once been held sufficient to call for his admission. Giving weight to the the certificate as evidence, nevertheless, it is not of such effect as to stand in the way of deportation. Lew Quen Wo v. United States, 184 Fed. 685, 106 C. C. A. 639; Doo Fook v. United States (C. C. A.) 272 Fed. 860; White v. Chan Wy Sheung (C. C. A.) 270 Fed. 764. We find no ground for holding that there was error on the part of the immigration authorities in deciding that Lee Hing, father of the petitioner, was not in fact a citizen.

[3] The direct question of Lee Soo's citizenship was determinable by the immigration authorities. United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040; Tang Tun v. Edsell, 223 U. S. 673, 32 Sup. Ct. 359, 56 L. Ed. 606. Ng Fung Ho v. White, 259

U. S. 276, 42 Sup. Ct. 492, 66 L. Ed. 938, is to be distinguished. There the court held that one lawfully within the United States, claiming to be a citizen thereof, cannot be deprived of his right to be here by mere executive order, but has a right to have the question of his asserted citizenship judicially determined before he may be deported. But in the present case the petitioner is seeking admission to the country for the first time, and the mere fact that he claims the right to admission upon asserted citizenship does not put him within the list of persons entitled to ask the jurisdiction of the court to determine that question.

The order appealed from is affirmed.