Merrimack, }
June 2, 1903. }

### STATE (*ex rel.* MUNSEY) *v.* CLOUGH.

In extradition proceedings the accused is not entitled, as of right, to be heard before the governor upon the question whether she is a fugitive from justice.

In such proceedings the warrant of the governor cannot be issued without proof that the accused is a fugitive from justice; but it is not essential that the evidence adduced upon the question should meet the requirements of legal proof, and it is sufficient if it be satisfactory to the executive.

HABEAS CORPUS. Trial in the superior court before *Stone* J., at an adjourned hearing, March 28, 1903. The relator, after submitting the record evidence presented before the governor and causing it to appear that she was denied a hearing before him, moved to be discharged. The motion was denied, subject to exception. Further facts appear in the opinion.

*Edward A. Lane* and *Sargent, Niles & Morrill*, for the relator.

*Mitchell & Foster*, for the defendant.

BINGHAM, J. The relator contends that the warrant upon which she was arrested was illegally issued because she was not permitted to be heard before the governor upon the question whether she was a fugitive from justice, and assigns this as a reason why she should be discharged from arrest.

It was a question of fact, to be determined in the first instance by the governor, whether the relator was a fugitive from justice (*In re Cook*, 49 Fed. Rep. 833, 838); but she was not then entitled as of right to be heard. It was discretionary with the governor to grant or deny her request. It is not the practice in such proceedings to give the accused notice before the rendition warrant is issued, and the act of congress and the statutes of this state do not contain a provision requiring that she should be notified. The reason for the omission of such a provision is apparent: if notice were required, the practical operation of the law would be rendered nugatory and its purpose defeated. It is an *ex parte* proceeding and necessarily so. *In re Cook, supra*, 838. While the presence of the relator at the hearing obviated the usual objection to giving the accused notice, yet her presence did not create a legal right to be heard, and no such right previously existed.

· If the relator had the right not to be removed from the state without a judicial trial, the issuing of the warrant for her arrest

did not conclude her right in this respect. Under the law of this state, she could sue out a writ of *habeas corpus* and test the question whether she was a fugitive from justice; and if it were made to appear to the court that the finding of the governor on this question was erroneous, she would be entitled to her discharge. *State* v. *Clough*, 71 N. H. 594, 600, 601. It was also expressly provided in the rendition warrant that she should be afforded an opportunity to sue out a writ of *habeas corpus* before being delivered over to the Massachusetts authorities. She has availed herself of that privilege; but in the trial before the superior court she declined and expressly waived the right to then, or at any future time, offer evidence showing that she was not a fugitive from justice, and contented herself with submitting the record evidence presented to the governor and causing it to appear that she had been denied a hearing before him. As the relator was entitled, in the trial before the superior court, to review the action of the governor, and to be discharged if his finding upon this question of fact was erroneous, or if there was no evidence from which he was warranted in making the finding, we are unable to see wherein she has been deprived of any right to be heard to which she was legally entitled.

As the governor should not have issued his warrant without proof that the accused was a fugitive from justice (*State* v. *Clough*, *supra*, 598, 599; *Ex parte Reggel*, 114 U. S. 642), it is argued that the record evidence was incompetent and insufficient to warrant such a finding. But the character of proof essential to establish the fact is not prescribed by the act of congress (R. S. U. S., *s.* 5278) or the statutes of this state. P. S., *c.* 263, *ss.* 7, 8. And while it has been said that "the executive of the state in which the accused is found . . . does not fail in duty if he makes it a condition precedent that it be shown to him by competent proof that the accused is, in fact, a fugitive from justice" (*Ex parte Reggel*, *supra*), this does not mean that he shall not receive evidence that fails to meet the requirements of legal proof, if he deems it advisable. It appears to have been the policy of congress and of the legislature, to permit the chief executive to determine the question upon such proof as seems to him worthy of credit; and in *Roberts* v. *Reilly*, 116 U. S. 80, 95, and *In re Cook*, *supra*, 838, it was held that the executive of the state upon whom the demand is made is to decide the question "upon such evidence as he may deem satisfactory."

Among the documents accompanying the requisition of the governor of Massachusetts, and which he certified to be authentic and duly authenticated, was a copy of an affidavit made by Jophanus H. Whitney, purporting to have been sworn to before a justice of

the peace, in which it was stated that the relator had fled from the limits of said commonwealth and was a fugitive from justice; also that at the time of the commission of said crime she was in the state of Massachusetts. This copy of an affidavit would not answer the requirements of legal proof in a court of justice, and the same is true of the original affidavit. But legal rules prescribing the competency of proof do not, in the absence of statute, govern the admission of evidence in extradition proceedings, except so far as the executive may see fit to adopt them.

A statute of Massachusetts provides that sworn proof that the accused is a fugitive from justice shall accompany an application for a requisition to the governor of that state. Mass. R. L., c. 217, s. 11. The original affidavit of Whitney, from which the copy here under consideration was made, is without doubt the sworn proof required by the statute of that state to be there filed with the governor; and we cannot say that the governor of this state was not justified in receiving a copy of that sworn proof in evidence and treating it as worthy of credit. That the Whitney affidavit contained evidence warranting a finding that the accused was a fugitive from the justice of Massachusetts, and was actually present in that state at the time of the commission of the crime charged, has already been decided. *State v. Clough, supra.* The relator's motion to be discharged was properly denied.

*Exception overruled.*

All concurred.