**JOHNSON, Com'r of Immigration, v. KOCK SHING.**

**SAME v. KOCK TUNG.**

(Circuit Court of Appeals, First Circuit. January 14, 1924. Rehearing Denied March 27, 1925.)

Nos. 1740, 1741.

1. **Aliens ⬤54—Decision of immigration officials, denying entry on fair hearing, is final.**

The decision of the Immigration Department, denying admission of an alien, if made in good faith, after a fair hearing, is final, and unless and until the contrary is shown is not reviewable on the merits by a court in habeas corpus proceedings merely because the court may think the decision is wrong.

2. **Aliens ⬤54—Immigration officials are not restricted to legal evidence on hearing before them.**

Immigration officials, before whom a hearing is had on application for admission, are not restricted in the reception of evidence to such only as would meet the requirements of legal proof, but may receive, and determine the questions before them upon any evidence that seems to them worthy of credit.

3. **Aliens ⬤32(8)—Decision excluding alleged sons of Chinese citizen held made after fair trial.**

The record *held* to show that an order excluding alleged sons of a Chinese citizen seeking admission was made after a fair hearing.

Anderson, Circuit Judge, dissenting.

Appeal from the District Court of the United States for the District of Massachusetts; James M. Morton, Jr., Judge.

Petitions by Kock Shing and by Kock Tung against John P. Johnson, Commissioner of Immigration, for writs of habeas corpus. From orders granting the writs, respondent appeals. Reversed, petitions dismissed, and petitioners remanded to custody.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Robert O. Harris, U. S. Atty., of Boston, Mass., on the brief), for appellant.

Everett Flint Damon, of Boston, Mass., for appellee.

Before BINGHAM, ANDERSON, and JOHNSON, Circuit Judges.

BINGHAM, Circuit Judge. [1] A majority of the court are of the opinion that the District Judge erred in discharging Shing and Tung from the custody of the immigration authorities and allowing them to enter the country. The decision of the Immigration Department was final, if made "after a hearing in good faith, however summary in form." The merits of the respective cases were not open to the District Judge to pass upon until it was proved that a hearing in good faith was denied by the Department; and such denial could not be established by proof that the Department's decision "was wrong." Chin Yow v. United States, 208 U. S. 8, 12, 13, 28 S. Ct. 201, 52 L. Ed. 369; Tisi v. Tod, 264 U. S. 131, 44 S. Ct. 260, 68 L. Ed. 590.

[2] The record fails to show that they were denied any right essential to a fair hearing. They were heard and reheard. The officials before whom the hearings were had were not restricted in the reception of evidence to only such as would meet the requirements of legal proof, but could receive and determine the questions before them upon any evidence that seemed to them worthy of credit. Munsey v. Clough, 196 U. S. 364, 372, 25 S. Ct. 282, 49 L. Ed. 515; State v. Clough, 72 N. H. 178, 179, 55 A. 554, 67 L. R. A. 946, and cases cited; Tang Tun v. Edsell, 223 U. S. 673, 677–682, 32 S. Ct. 359, 56 L. Ed. 606; Bilokumsky v. Tod, 263 U. S. 149, 157, 44 S. Ct. 54, 68 L. Ed. 221.

[3] Shing and Tung, at the time they sought admission to the country, were 24 and 25 years of age, and Hing, the alleged father, and a citizen of this country, at that time, had not been in China for over 20 years. The statement given by On, the brother of the alleged father, in connection with his application for a return certificate

in 1913, was properly received in evidence, and before the final deportation order was made the applicants were given full opportunity to answer it. The statement was that his brother Hing was unmarried, and, as a witness for the applicants at one of the hearings before the officials, On testified that his 1913 statement was true. The testimony of the applicants as to this matter was, in substance, that his statement was untrue, and that On had quarreled with Hing shortly after their arrival in this country some 20 years before. Because the immigration officials gave weight to this statement, and some other inconsistencies in the testimony given by the applicants, and concluded that Shing and Tung, who were seeking admission as sons of Hing, were not his sons, the District Judge was of the opinion that the "conclusion could not be reached by a fair-minded tribunal," and was "arbitrary and unfair." In other words, he concluded that the 1913 statement and the testimony of On were untrue, and, this being so, the decision of the immigration officers ran counter to all credible evidence before them, and was arbitrary and unfair. It amounted, however, to nothing more than saying that their decision was wrong. This, as above pointed out, was beyond the province of the court. It is evident that, without weighing the evidence given before the immigration officials, and concluding that the statement and testimony of On were untrue, this conclusion of the court could not have been reached.

In Nos. 1740 and 1741 the orders of the District Court discharging Kock Shing and Kock Tung from custody are set aside, the petitions are dismissed, and they are remanded to the custody of the Commissioner.

---

ANDERSON, Circuit Judge (dissenting). As set forth in Judge Morton's unpublished opinion in the District Court, the two applicants and their alleged father and three apparently disinterested parties (six in all) testified positively that the applicants were sons of an admitted citizen of the United States. There was no room for mistake; their testimony was either intentionally and absolutely false, or the applicants were entitled to admission.

Fully agreeing that all *substantial* questions as to the weight and credibility of testimony are for the immigration tribunals, and not for the courts on habeas corpus

proceedings, I am constrained to the same result reached by Judge Morton—that in these cases there was no such showing of discrepancy as to any material fact, or indication of mendacity, as to warrant any competent and fair-minded tribunal in finding that the applicants' cases were grounded on the perjured testimony of six witnesses.

I concur in Judge Morton's view: "A study of the record leaves the impression that the immigration tribunals were at that stage of the proceedings trying to justify a position against the applicants rather than considering the case on its merits."

The gist of the case was whether the immigration authorities had any jurisdiction to exclude the applicants as aliens. Ng Fung Ho v. White, 259 U. S. 276, 284, 42 S. Ct. 492, 66 L. Ed. 938; Bilokumsky v. Tod, 263 U. S. 149, 153, 44 S. Ct. 54, 68 L. Ed. 221.

The legal issue is precisely the same as would be presented if a foreign-born son of an American ambassador or of an American missionary tried to come home. If accorded the treatment given sons of Chinese citizens, he would be held at the port, incommunicado, and then by the immigration authorities subjected to "third degree" inquisitorial examination in an endeavor to catch him in such discrepancies as to trifling facts in his early history and environment, or as to statements made by relatives, as might ground a finding that he was only a pretended, and not a real, son of the American ambassador or missionary.

Recognizing that the Supreme Court has made a distinction between deportation proceedings and exclusion proceedings (259 U. S. 281, 42 S. Ct. 492, 66 L. Ed. 938; 263 U. S. 152, 44 S. Ct. 54, 68 L. Ed. 221), it seems to me clear that on such an issue as that of jurisdiction to try the citizenship of an alleged American citizen, knocking at the gate, we ought not to scant the meaning of the phrase "due process of law." The right of citizenship is at least as important as any property right. I cannot concur in proceedings which deal with it flippantly or unfairly. I think these applicants were deprived of due process of law, and that a wrong decision was reached by proceedings "manifestly unfair." Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 64 L. Ed. 1010; Tang Tun v. Edsell, 223 U. S. 673, 681, 32 S. Ct. 359, 56 L. Ed. 606.