DAMON ex rel. LEW GOON WONG v. JOHNSON, Commissioner of Immigration.

(District Court, D. Massachusetts. May 26, 1925.)

No. 3034.

1. Aliens ⬤═32(13)—Opinion that immigration authorities were wrong in their conclusion from discrepancies in testimony gives court no jurisdiction to disturb their excluding decision.

Jurisdiction to disturb action of immigration authorities in deciding against applicant for admission on his claim of being son of a Chinese citizen is not given by court's opinion that their conclusion from discrepancies in the testimony was wrong.

2. Habeas corpus ⬤═92(1)—Prejudice of board of review, affirming decision excluding alien, held not to warrant court in habeas corpus entertaining case on its merits.

Prejudice against applicant for admission of board of review, shown in report affirming exclusion decision of board of special inquiry on evidence warranting it after fair trial, *held* not to warrant court in habeas corpus entertaining the case on its merits.

Habeas Corpus. Proceeding by Everett Flint Damon, on the relation of Lew Goon Wong, against John P. Johnson, United States Commissioner of Immigration. Petition dismissed.

Order affirmed 13 F.(2d) 285.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for petitioner.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for respondent.

BREWSTER, District Judge. The above-entitled petition for writ of habeas corpus was submitted on the record of the Bureau of Immigration. From an examination of this record, it appears that Lew Goon Wong applied for admission to the United States as the son of Charlie Duck, alias Lew Duck, a citizen of the United States. The citizenship of the alleged father was conceded, but the administrative authorities were not satisfied that the applicant was a son of Charlie Duck.

The applicant went before a board of special inquiry at Boston, where he was subjected to the usual examination, during which certain discrepancies developed in the statements of the applicant and his witnesses, which the board deemed of sufficient importance to warrant a decision adverse to the applicant. This hearing seems to have been conducted in a proper manner, and the record discloses a commendable spirit of impartiality and a due regard for the rights of the applicant.

An appeal was taken to the Department of Labor at Washington, and the case came before a board of review on appeal. I have before me the report and recommendation of the chairman and secretary of the board of review. This report discloses a pronounced prejudice against the applicant. It is filled with veiled insinuations and accusations, entirely unjustified by anything appearing in the record which he considered. The applicant has a right to appeal from the decision of the board of special inquiry, and he has a right to insist that this appeal shall be heard fairly, by officials who will consider the merits of the case with a view of determining whether the decision of the board of inquiry shall be upheld.

The sole question here presented is whether the obvious bias displayed in the report of the board of review rendered its act so arbitrary and unreasonable as to constitute a denial of that fair hearing to which the applicant is entitled.

[1] I have analyzed the report of the board of review with a view of determining whether the proceedings should be deemed to be arbitrary and unreasonable. Two important exceptions may be taken to it. Discrepancies are found to be material which I am unable to regard as of sufficient materiality to outweigh the balance of the testimony of the witnesses which appears to be in remarkable accord. Nevertheless I am confronted with the fact that there were discrepancies, and that the board of special inquiry regarded

them of sufficient materiality to warrant an excluding decision.

This is only saying that in my opinion the conclusions reached by the authorities were wrong. This conviction, however strong it may be, gives the court no jurisdiction to disturb the action of the immigration authorities. Johnson v. Kock Tung (C. C. A.) 3 F. (2d) 889.

[2] The second exception is more important. The chairman repeatedly throughout his report makes the unwarranted and impossible assertion that the case was a deliberately prepared fraud upon the government. This prejudice of the chairman of the board of review, which might well be the subject of unfavorable criticism, no doubt rendered it the easier for him to affirm the excluding decision; but I do not find that there was such an arbitrary and unfair consideration of the appeal as to warrant this court in entertaining the case on its merits.

It cannot be said that there was no evidence to warrant the excluding decision. I think the logical result of the decision in Johnson v. Kock Tung, supra, is to render the court powerless to act in a case like this.

The petition is dismissed.