MOY MON DUCK v. JOHNSON.

(District Court, D. Massachusetts. April 14, 1926.)

No. 3405.

1. Aliens ⊂⇒32(9)—Possible disposition of board of inquiry to justify action of immigration authorities does not show hearing was arbitrary or unfair.

That decision of board of inquiry indicates a disposition to justify action of immigration authorities, rather than to consider case impartially, does not show that hearing was arbitrary or unfair.

2. Habeas corpus ⊂⇒92(1)—In absence of abuse of discretion, decision of board of inquiry, affirmed on administrative appeal, is final, and not reviewable on habeas corpus.

In absence of abuse of discretion, decision of board of inquiry, affirmed on administrative appeal, is final, and not subject to review on habeas corpus.

Habeas Corpus. Proceeding by Moy Mon Duck against John P. Johnson. Writ dismissed, and petitioner remanded to custody.

Decree affirmed 16 F.(2d) 129.

Everett F. Damon, of Boston, Mass., for petitioner.

Harold P. Williams, U. S. Atty., and John W. Schenck, Asst. U. S. Atty., both of Boston, Mass., for respondent.

BREWSTER, District Judge. Moy Mon Duck seeks admission as the son of Moy Deng Toy. The immigration officials refused admission, and a writ of habeas corpus has issued. The question presented is whether the alien is entitled to admission as the son of a citizen of the United States. The citizenship of the father is conceded.

The administrative authorities are not satisfied that Moy Mon Duck is the son of Moy Deng Toy. An earlier petition for a writ of habeas corpus was dismissed without prejudice, in order that the alien could formally request of the proper immigration authorities a rehearing. After further hearings, the excluding decision was adhered to.

It is claimed by those who petitioned for the writ that the alien was not given that fair hearing which the law demands, that slight discrepancies were exaggerated, and that a decided prejudice against the alien is apparent on the face of the record upon which the case was submitted to this court.

The strongest argument of the counsel for the alien might well be phrased in the following language appearing in the dissenting opinion in the case of Johnson v. Kock Shing (C. C. A.) 3 F.(2d) 889:

"A study of the record leaves the impression that the immigration tribunals were at that stage of the proceedings trying to justify a position against the applicants rather than considering the case on its merits."

[1, 2] Apparently, in view of the majority opinion in Johnson v. Kock Shing, supra, a hearing would not be arbitrary and unfair, so as to give the court jurisdiction, even if the record disclosed a disposition to justify the action of the immigration authorities, rather than a desire to consider the case impartially. I cannot find that the officials abused their discretion or power. The decision of the board of inquiry, when affirmed on administrative appeal, is therefore final, and not subject to review on habeas corpus. Ng Lung v. Johnson (C. C. A.) 8 F.(2d) 1020;

Lee Hing v. Nagle (C. C. A.) 295 F. 642; Hong Tong Kwong v. Nagle (C. C. A.) 299 F. 588; Tulsidas v. Insular Collector, 262 U. S. 258, 263, 43 S. Ct. 586, 67 L. Ed. 969.

I have assumed that all the counsel for the relator contends is warranted by the record of the immigration department. In justice to the officials, it should be added, however, that an examination of the record does not entirely justify the criticism leveled at the department by the advocate for the alien. All the witnesses offered by the alien were fully heard, and the case reopened for additional witness. The evidence of the new witness was not convincing on the issue of relationship.

The writ is dismissed, and an order may be entered remanding the alien to the custody of the proper authorities.