DAMON ex rel. LEW GOON WONG v. JOHNSON, Commissioner of Immigration.

(Circuit Court of Appeals, First Circuit. May 29, 1926.)

No. 1981.

1. Habeas corpus ⊙=95—Finding of court held one that applicant for admission as son of Chinese citizen had fair trial before board of special inquiry on question of relationship.

Finding of court in habeas corpus that proceedings before board of special inquiry to determine relationship of applicant for admission as son of Chinese citizen were conducted in proper manner, and that record discloses commendable spirit of impartiality and due regard for rights of applicant, *held* an affirmative finding that applicant had a fair trial.

2. Habeas corpus ⊙=92(I)—Applicant for admission having had fair trial before board of special inquiry, prejudice of board of review, which reached same conclusion, held not to give court jurisdiction to review on the merits.

Applicant for admission as son of Chinese citizen having had fair trial before board of special inquiry, prejudice shown against him on appeal to board of review is not enough to give the court in habeas corpus proceeding jurisdiction to consider the case on its merits; both boards having reached the conclusion that the relationship was not made out.

Appeal from the District Court of the United States for the District of Massachusetts; Elisha H. Brewster, Judge.

Habeas corpus proceeding by Everett Flint Damon, on the relation of Lew Goon Wong, against John P. Johnson, United States Commissioner of Immigration. From an order dismissing the writ (13 F.[2d] 284), petitioner appeals. Affirmed.

Walter Bates Farr, of Boston, Mass. (Everett Flint Damon, of Boston, Mass., on the brief), for appellant.

George R. Farnum, of Boston, Mass. (Harold P. Williams, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. This habeas corpus case presents the familiar question as to whether the applicant is the son of a native-born citizen. The petition for the writ was denied by the court below in a careful opinion by Judge Brewster, which leaves nothing to be added.

[1, 2] The learned judge found, on a record which plainly warrants his finding, that before the board of special inquiry the proceedings were "conducted in a proper manner, and the record discloses a commendable spirit of impartiality and a due regard for the rights of the applicant." This is an affirmative finding that the applicant had a fair trial. It is true that on appeal to the board of review the proceedings indicated, as the court below pointed out, a "pronounced prejudice against the applicant." But this is not enough to ground jurisdiction in the court. Both of the immigration tribunals reached the same result—that the alleged relationship was not made out. Perhaps the most significant single discrepancy relied upon is the failure of the applicant to recognize the photograph of his brother (who was admitted in July, 1924, as the son of the same alleged father), who left China only the previous year. Other discrepancies call for no comment. Johnson v. Kock Tung (C. C. A.) 3 F.(2d) 889; Ng Lung v. Johnson (C. C. A.) 8 F.(2d) 1020.

The decision below was right.

The order of the District Court dismissing the writ is affirmed.