WONG WEY v. JOHNSON, Commissioner of Immigration.*

Circuit Court of Appeals, First Circuit.
October 21, 1927.

No. 2138.

1. Habeas corpus ⟨⟩92(1)—District Court, on habeas corpus proceeding by applicant for admission, may only determine fairness of hearing.

On habeas corpus proceeding by applicant for admission as a foreign-born son of a native-born citizen, the only question of which District Court had jurisdiction was whether the relator was accorded a fair hearing by administration authorities.

2. Habeas corpus ⟨⟩96—District Court is without jurisdiction in habeas corpus proceeding by applicant for admission, in case evidence supports decision of Board of Special Inquiry.

In case there is any substantial evidence to support decision by Board of Special Inquiry denying admission to one claiming as foreign-born son of a native-born citizen, the District Court is without jurisdiction in habeas corpus proceeding.

3. Aliens ⟨⟩32(8)—Evidence held to support decision of Board of Special Inquiry denying admission to applicant.

In habeas corpus proceeding by applicant, claiming admission as foreign-born son of native-born citizen, evidence held sufficient to support decision of Board of Special Inquiry denying admission.

Appeal from the District Court of the United States for the District of Massachusetts; James Arnold Lowell, Judge.

Application for habeas corpus by Wong Wey, on the relation of Wong Cheu Dong, to be directed to John P. Johnson, United States Commissioner of Immigration. From an order discharging the writ, petitioner appeals. Affirmed.

Joseph F. O'Connell, of Boston, Mass. (James F. Meagher, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Gloucester, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from the District Court of the United States for the District of Massachusetts from

*Rehearing denied 22 F.(2d) —.

an order discharging a writ of habeas corpus issued upon a petition alleging that the appellant, Wong Cheu Dong, was unlawfully restrained of his liberty by the appellee, the United States Commissioner of Immigration. The appellant was an applicant for admission to the United States as the foreign-born son of a native-born citizen, Wong Wey, whose citizenship was conceded.

The applicant, Wong Cheu Dong, and his witnesses, were heard by a Board of Special Inquiry at Boston, and he was ordered excluded on the ground that the claimed relationship to the alleged father had not been reasonably established. An appeal was taken from this decision and the applicant was furnished with a copy of the testimony taken before the board.

Upon representations to the Department of Labor by counsel for the applicant, the case was reopened for the purpose of taking additional evidence, and the Board of Special Inquiry took and considered the additional evidence, and on the 14th day of May, 1926, again ordered the applicant excluded.

An appeal was then taken to the Secretary of Labor, and the case was heard and considered by the Board of Review sitting at Washington, the applicant being represented by counsel. The Board of Review affirmed the decision of the Board of Special Inquiry and ordered that the appeal be dismissed.

A petition for a writ of habeas corpus was then filed by the applicant in the District Court, which ordered the petition dismissed and the writ discharged, and the relator remanded to the custody of the United States Commissioner of Immigration at Boston.

[1, 2] The only question of which the District Court had jurisdiction was whether the relator was accorded a fair hearing by the immigration authorities. If he was accorded a fair hearing, and the action of the immigration authorities was not arbitrary, then the District Court was without jurisdiction to hear the case upon its merits. It is not contended that the applicant was not accorded a full and fair hearing before the Board of Special Inquiry, but that its decision upon the testimony taken was wrong. If there was any substantial evidence to support this decision the District Court was without jurisdiction.

[3] The applicant, his alleged father, Wong Suey Lam, and Wong Let were heard by the Board of Special Inquiry. The last-named witness testified that he attended the wedding of the alleged father, Wong Wey, when he was about 12 years old, and in considerable detail related what occurred at the wedding,

which in many particulars coincided with the testimony of the alleged father. The Board of Special Inquiry thought that it was not possible for the witness to remember so many minute details of what occurred at a wedding which had taken place more than 30 years before, and held that the applicant was not the son of Wong Wey, in view of the fact that the alleged father, when testifying at Boston before a United States commissioner on November 26, 1906, in the case of Wong Shu, who was then applying for a return certificate as a laborer, gave the following testimony:

"Q. Are you married? A. No. Q. Have you ever been married? A. No."

This statement of the father under oath, when his marriage was not a material issue and no emergency had arisen for claiming it, afforded sufficient ground for disbelieving the witnesses, who had testified to the marriage, and also affirmative evidence, as this court has held in Moy Said Ching v. Tillinghast, 21 F.(2d) 810, announced October 18, 1927, that the father was not then married. The applicant claimed to have been born December 27, 1906, and therefore, in view of this testimony of the alleged father, if believed by the board, could not have been his son.

The order of the District Court is affirmed.