CHEW TOY et al. v. NAGLE, Commissioner of Immigration.

Circuit Court of Appeals, Ninth Circuit. July 16, 1928.

No. 5475.

1. Aliens ⊜⇒32(13)—Secretary of Labor, on appeal from denial of application for admission, may consider all facts shown by record before Board of Special Inquiry.

On appeal to Secretary of Labor from denial of application for admission by Chinese as foreign-born son of American citizen, all facts shown by record which was before Board of Special Inquiry may be considered.

2. Aliens ⊜⇒32(8)—Discrepancies in testimony and alterations in record on father's admission warranted denial of admission to Chinese as foreign-born son of American citizen.

Discrepancies in testimony, fabricated testimony, and facts showing alterations or substitutions in record of testimony made by alleged father on application for admission, together with photograph attached, *held* to justify denial of application of Chinese for admission as foreign-born son of American citizen.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Adolphus F. St. Sure, Judge.

Habeas corpus by Chew Toy and another against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. From a judgment discharging the writ, petitioners appeal. Affirmed.

Dion R. Holm, of San Francisco, Cal., for appellants.

Geo. J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The appellant Chew Toy, 19 years of age, born in China, sought admission into the United States as the son of Chew Young, on the ground that the latter was an American citizen. His application was denied for his failure to prove the alleged relationship. His appeal to the Secretary of Labor was dismissed, both on the ground of the failure to prove the alleged relationship, and on the further ground that the citizenship of the alleged father had not been established. The petition for a writ of habeas corpus alleged unfairness in the hearing before the Board of Special Inquiry, in that its decision was based upon unimportant discrepancies in the testimony and in disregard of the established facts, and unfairness upon the determination of the appeal, in that effect

was given to an alleged alteration in the record of the testimony given by Chew Young on his application for admission on January 31, 1900; the sole evidence of the alteration being the certificate of a clerk, who, it is alleged, was not produced for cross-examination before the Board of Special Inquiry; also in that effect was given to an affidavit made in 1917 by one Fong Gat, which tended to show that the photograph attached to Chew Young's affidavit had either been altered or substituted, the said Fong Gat not having been produced as a witness, and no opportunity having been afforded to cross-examine him.

In the decision on the appeal it was said:

"While the Board of Special Inquiry has excluded the applicant solely on the ground that his relationship to his alleged father is not established, in the opinion of the Board of Review the citizenship of the latter is also not established. The fact is that some one of the name claimed for the alleged father was admitted at San Francisco ex steamship Nippon Maru on January 31, 1900. The record of the testimony then given by that man, as it now appears in the file, is on a different kind of paper from that on which the record of his witnesses was recorded. The witnesses both claimed that they did not know whether or not Chew Young was married. The record of Chew Young's testimony as now found in his file contains the following:

" 'Q. Are you married? A. Yes.

" 'Q. What is your wife's name? A. Wong Shee.

" 'Q. Bound feet? A. Natural feet.'

"But it has been found that the shorthand notes of the testimony he gave shows that he replied 'No' to the question, 'Are you married?' and that the questions and answers which follow that were no part of the shorthand record of the hearing. It therefore appears that the original record of Chew Young's testimony was removed from the file, and a new copy made and inserted, with the answer to the question 'Are you married?' changed, and certain questions and answers added to accord with this changed answer.

"In 1917, Fong Gat, a photographer at San Francisco, made a formal statement in which he claimed to have made a certain photograph about a year before, from the man represented thereby himself, and not from another photograph. He stated that he furnished the clothes in which the man was dressed for the photograph. The photograph referred to is from the same negative, but not trimmed as closely as that found on the

affidavit of Chew Chong, purporting to have been made at San Francisco on February 5, 1900. The affidavit states that the photograph attached thereto is that of Chew Young, who had arrived on the steamship Nippon Maru on or about February 1, 1900. From this it would appear that the affidavit itself has either been altered or substituted. This being the case, the American birth and citizenship of the man now claiming to be Chew Young is not established."

Chew Young, the alleged father, on returning to this country from China in 1900, was admitted on his claim of American citizenship. Prior thereto, as preliminary evidence of his birth in the United States, there was presented the affidavit of one Chew Chong, made on November 16, 1899, with a photograph of Chew Young attached. In February, 1900, Chew Chong made a similar affidavit which was accompanied by an affidavit of Wong Chock, attached to which was a photograph alleged to be of Chew Young, which Chew Young later admitted was not his photograph, and which the immigration officials found had been attached at some later date. In February, 1900, on those affidavits and the examination of Chew Young, his application for admission was allowed.

In 1907 there was a similar investigation on Chew Young's second return to the United States from China. In 1917 it was found that in the record of the hearing of 1900, as it then appeared, the photograph of another person had been substituted for that of Chew Young, and that a portion of the transcript of the evidence had been substituted. On an investigation a certificate was made by one Dinklage, an underclerk and stenographer of the department, to the effect that the original stenographic notes of the examination of Chew Young in 1900 showed that the correct answer to the question "Are you married?" was "No." A little later the statement of a photographer, Fong Gat, was taken and added to the file. In that statement Fong Gat identified the substituted photograph as one that he had taken a year before of a Chinaman, who he did not know and never saw again, and Chew Young later admitted that the substituted photograph was that of a person unknown to him.

Now, it does not appear that the Board of Special Inquiry, or the Department of Labor on appeal, imputed to Chew Young any participation in the fraudulent substitution of either record or photographs, and the conclusion of the department as to that feature of the case seems to have been based on the assumption, and we think the assumption was justified, that in fact Chew Young, on his admission in 1900, had denied that he was married, and that later a substituted transcript had been inserted in the files, in which it was made to appear that he testified that he was married, and to make that testimony more plausible there was interpolated the following:

"Q. What is your wife's name? A. Wong Shee.

"Q. Bound feet? A. Natural feet."

On his examination under oath on October 5, 1923, Chew Young stated that he was unable to explain the presence of the name Wong Shee in the transcript of the record, that he was never married to a woman named Wong Shee, and that when he came to the United States in 1900 he was not asked whether he was married.

[1, 2] The contention that the decision of the Secretary of Labor was unfair, because based on informal statements not taken under oath, and because the appellant's counsel had no opportunity prior to the decision on the appeal to meet the case made against the citizenship of Chew Young, is not sustainable. The decision of the Secretary is based on no evidence not contained in the record which was before the Board of Special Inquiry. That all facts shown by that record might be considered on the appeal is well established. In Tang Tun v. Edsell, 223 U. S. 673, 681, 32 S. Ct. 359, 363 (56 L. Ed. 606), it was held that the Secretary might at all times take cognizance of the records of the official files, "and," said the court, "it would be extraordinary indeed to impute bad faith or improper conduct to the executive officers, because they examined the records or acquainted themselves with former official action."

But the decision of the Secretary was not based wholly upon the evidence which discredited Chew Young's claim to citizenship. That was referred to only as additional ground for dismissing the appeal, and, whatever may be said of the validity of the order as made upon that ground, it still remains that the appeal was also dismissed upon the grounds which were relied upon by the Board of Special Inquiry. We cannot say that the discrepancies in the testimony upon which the board's conclusion was based were insufficient to sustain it. Prior to the appellant's application for admission, Jew Gow Toy and Jew Hoy Yen, his alleged brothers, had in 1909 applied for admission as sons of Chew Young; but their applications had been rejected, for the reason that they claimed Wong Shee as their mother, while their alleged fa-

ther testified that her name was Ching See, and for the further reason that the record as it stood at that time showed that Chew Young had testified in 1900 that he was not married. It also appears that on the examination of the appellant in 1927 he stated that his oldest brother went to the Straits Settlements before he, the appellant, was born, and had never returned to the native village; whereas, in 1923, Chew Young testified that all his sons were then living in the home village.

Again, there was fabricated testimony, for Joe Ock Young, produced on behalf of the appellant as an identifying witness, was wholly impeached. There were other discrepancies, and the board was convinced that Chew Young's testimony in several particulars was untrue. A circumstance to which the board gave weight was the fact that the appellant's initial affidavit, made by Chew Young, prepared at San Francisco, reciting that Chew Young appeared before a notary and signed and swore to the same, and containing a blank space for the insertion of the appellant's photograph, had been sent to China, and the appellant, when he received it, had attached thereto his own photograph, and yet Chew Young testified that he never appeared before the notary, nor signed nor at any time saw the affidavit, but that the attorney who prepared it had sent it to China for him. In that affidavit Chew Young purports to have made oath that "Chew Toy, whose photograph is attached to this affidavit, is your affiant's true and lawful son."

The judgment is affirmed.

DIETRICH, Circuit Judge (concurring). Upon the issue of applicant's relationship to Chew Young, the record is not thought to be legally conclusive in his favor, and it discloses no unfairness in the administrative hearing. On the question of Chew Young's nativity I express no opinion.