**FLYNN ex rel. LAM SHUEY KEN et al. v. TILLINGHAST, Commissioner of Immigration.**

Circuit Court of Appeals, First Circuit. November 5, 1929.

No. 2381.

Walter Bates Farr, of Boston, Mass. (Everett F. Damon, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge. The applicants, Lam Shuey Ken and Lam Shuey Poy, seek admission to the country as the foreign-born sons of Lam Jan Foo. They arrived at Boston January 23, 1929, and were about 21 and 16 years old; their respective dates of birth being March 3, 1908, and November 4, 1913, as testified to by them. They were ordered deported by the Department of Labor on the ground that the Boards of Special Inquiry and Review were not satisfied as to their claimed relationship to the alleged father. The order of deportation having been made and a petition for writ of habeas corpus brought, the District Court, on June 18, 1929, after hearing, dismissed the petition and denied the writ. The reason actuating the immigration authorities and the District Court in reaching their conclusion was the existence of discrepancies in the testimony given by the alleged father and the applicants, some of which the court regarded as extraordinary. One was that the alleged father testified that all the people in the home village, except his immediate household, belonged to the Chin family, while the applicants said that they all belonged to the Lam family. The applicants also testified that the ancestral hall was owned by the Lam family, the alleged father that it belonged to the Chin family. The father also testified that close to the home village, on its south side, is the old village of Jung Hong containing about thirty houses, more than twice as many as at present in the home village; while the applicants knew nothing about such a village and denied its existence. The applicants also testified that their maternal grandfather and grandmother died in the last two years and that their mother attended the funeral of each, being away over night. The alleged father said his wife's parents had been dead many years, one of them more than twenty. There was also disagreement as to the date of birth of the younger applicant. Both applicants testified that it was November 4, 1913, while the alleged father said it was November 14, 1912. [1, 2] There was substantial evidence from

which it could have been found that the applicants were the sons of the alleged father, whose citizenship the Board of Review regarded as established, but, in view of the discrepancies existing between the applicants and the alleged father, we cannot say that no other conclusion reasonably could have been reached and that the immigration officials did not act fairly in coming to the conclusion that they did. As there was evidence upon which they could base their decision, the court below rightly refused to take jurisdiction and pass upon the merits. Johnson v. Kock Shing (C. C. A.) 3 F.(2d) 889; Chin Fong v. Tillinghast (C. C. A.) 27 F.(2d) 217.

The order of the District Court is affirmed.