Ex parte **WONG FOO GWONG.**

**WONG FOO GWONG v. CARR.**

No. 6373.

Circuit Court of Appeals, Ninth Circuit.

June 1, 1931.

You Chung Hong, of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., and Harry Graham Balter, Asst. U. S. Atty., both of Los Angeles, Cal. (Harry B. Blee, U. S. Immigration Service, of Los Angeles, Cal., on the brief), for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

SAWTELLE, Circuit Judge.

Wong Foo Gwong, appellant herein, a person of Chinese descent, in July, 1930, applied for admission to the United States as a blood son of Wong Sheh Woo, a native-born citizen of the United States. Appellant's application for admission was denied by a Board of Special Inquiry sitting at San Pedro, California, and their exclusion order was sustained by the Secretary of Labor on appeal, August 25, 1930. From a refusal of the United States District Court of the Central Division of the Southern District of California to issue a writ of habeas corpus comes this appeal.

The Board of Special Inquiry denied admission to appellant "on the grounds that he is an alien immigrant of a race ineligible to citizenship not exempt by any of the provisions of section 13 (c) of the Act of 1924, as a Chinese person not in possession of a duly visaed section 6 certificate, and as a person likely to become a public charge, he not having established the claimed relationship."

The last phrase, "he not having established the claimed relationship," is the basis of this appeal from the decision of the board and is the only question that concerns us here.

There is nothing in the record to indicate that the Board of Special Inquiry in reaching their conclusions abused their discretion, U. S. v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; or that the hearing was not fair, even if it had been summary, Zakonaite v. Wolf, 226 U. S. 272, 33 S. Ct. 31, 57 L. Ed. 218; or that there was an application of an erroneous rule of law, Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938. That being so, their action was final.

It is a well-established rule in cases of this kind that it was not improper for the immigration officials to refer to their past records in order to determine the weight to be given to the testimony of the alleged father, Wong Sheh Woo. Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 361, 56 L. Ed. 606. Appellant's contention that the alleged father's testimony before the immigration officials in 1912 and 1913, to the effect that his wife, Ng Shee, was then living, should not be considered against him; that the testimony was taken hurriedly "in an extremely informal manner"; and that "appellant violated no law if he gave evasive or incorrect answers on those occasions"—cannot be taken seriously. The question here is not whether Wong Sheh Woo perjured himself by the giving of such false testimony and could be prosecuted therefor; rather is it whether or not the body of his testimony tends to support appellant's claim or to cast greater doubts on its validity. If the answer to these questions had not been given by Wong Sheh Woo himself, they would never have appeared in the record, and the latter shows that these statements were signed by him after he had signified that he had understood the interpreter. Appellant contends that a Chinese person, when asked if he has understood the interpreter, invariably replies in the affirmative out of courtesy to the interpreter; this is unfortunate, if true, but not remediable. The fact that the statements regarding his alleged wife Ng Shee were made when the question of their relationship was not at issue, makes those statements of greater value when the issue of relationship itself is raised. Ng Yuk Ming v. Tillinghast, 28 F.(2d) 547 (C. C. A. 1); Louie Poy Hok v. Nagle (C. C. A. 9) 48 F.(2d) 753, opinion handed down April 6, 1931.

When appellant made application for admission, his alleged father testified that appellant was the son of Lok Shee whom he (Wong Sheh Woo) had married in 1912; that his first wife, Ng Shee, died in 1907. He repeated this date 1907 three times in the course of his testimony, then later returned and said that he had been mistaken and that his wife Ng Shee had died in 1911. However, this sudden change did not clarify the record, but led only to still greater inconsistency. When a previously entered alleged son of Wong Sheh Woo was admitted in 1910, the latter did say that his wife, Ng Shee, was living in China; however, on July 27, 1912, before Wong Sheh Woo's departure for China and on his return therefrom November 17, 1913, he said that his wife was Ng Shee and that she was then living in China. Somewhat later, Wong Sheh Woo is on record as saying that Ng Shee was dead at the time of his trip to China in 1912–1913

and that he made that particular trip for the purpose of getting married again; but it is extremely unlikely that he would have claimed a living first wife if he was going over for the express purpose of marrying a second time, or that he would, on his return, have claimed a living first wife if he had in reality been married a second time.

The immigration officials must necessarily base their decisions upon conflicts or agreements that arise in the testimony of applicants for admission and that of their witnesses. The confusion of the testimony of the chief witness for appellant in this instance, involving the authenticity of the claimed relationship and the very legitimacy of appellant's birth, presents a much stronger basis for refusal of admission than do the usual discrepancies upon which the officials rely. With the burden of proof of the relationship on the applicant as it is here, when the texture of the testimony that is usually relied upon as the basis of comparison is hopelessly shot with holes, there is certainly no "abuse of discretion" and no arbitrariness if the application is refused. "It was certainly permissible for the inspector, if indeed it was not his duty, to examine the official records of the customs office to ascertain whatever they might disclose as to the disposition of the case." Tang Tun v. Edsell, supra. And it was certainly no denial of a fair hearing if the refusal of admission is based on such a vital and glaring inconsistency in the testimony.

The refusal of the District Court to issue a writ of habeas corpus is sustained, and its judgment is affirmed.