## UNITED STATES ex rel. NG KEE WONG v. CORSI, Commissioner of Immigration.

## No. 401.

Circuit Court of Appeals, Second Circuit.

May 29, 1933.

CHASE, Circuit Judge, dissenting.

George Z. Medalie, U. S. Atty., of New York City (Walter H. Schulman, Asst. U. S. Atty., of New York City, of counsel), for appellant.

M. Michael Edelstein, of New York City, for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The applicant for admission, a Chinese youth 17 years of age, arrived at the port of New York in October, 1928. A board of special inquiry, after hearings, excluded him on the ground that the claimed relationship to his putative father, whose citizenship was conceded, had not been established. Its decision of exclusion was affirmed by the board of review. Thereupon a writ of habeas corpus was sued out, upon which an order was

entered sustaining the writ and discharging the relator from custody upon the giving of bail pending appeal. The appeal was allowed October 9, 1929. Why there has been so much delay in prosecuting it does not appear.

Before the board of special inquiry three witnesses testified, the applicant, Ng Ying Hoy, his alleged father, Ng Kee Wong, and an identifying witness, Ng You Lon. All of them testified positively to the claimed relationship. In addition the board considered departmental records of the testimony given by the putative father in 1912 and 1923, and by the identifying witness and the latter's son in 1920. As is usual in cases of this character, certain discrepancies were developed by the oral examination of the three witnesses, which the court below thought too insignificant to justify a decision of exclusion. With this conclusion we should be disposed to agree if they stood alone. But the main ground for the decision of exclusion was the departmental record of testimony given by Ng You Lon and his son, Ng Poy Chew, upon the occasion of the latter's application for admission in 1920. They both then testified that Ng Kee Wong had no son. They were in a position to know, for the house of Ng You Lon, in which Ng Poy Chew, then 16 years of age, had lived, and the house of Ng Kee Wong, in which Ng Ying Hoy, the present applicant, claims to have always lived, were adjacent houses in a small Chinese village. In 1920 Ng Ying Hoy was a boy of 8, and it seems incredible that these neighbors should not have known of his existence if he were the son of Ng Kee Wong and living next door. When confronted with this record, Ng You Lon first denied that he had been asked about the children of Ng Kee Wong, then claimed that his answer had been incorrectly reported, and finally said that he had made a mistake in the testimony he then gave. Ng Poy Chew, although the address of the laundry where he works in New York City was stated by his father, was not called as a witness.

■ The power of the courts to review the decisions of administrative officials charged with the duty of enforcing the immigration laws is very limited. See United States ex rel. Fong Lung Sing v. Day, 37 F.(2d) 36 (C. C. A. 2), and cases there cited. Hence the issue before the District Court, and now before us, is not how it, or we, would have decided the question of paternity on the evidence presented, but whether the evidence against paternity was so slight as to make the board's decision wholly arbitrary, amounting to a denial of a fair hearing. That the board of special inquiry was entitled to take into consideration its prior departmental records is not questioned, and could not be. Tang Tun v. Edsell, 223 U. S. 673, 681, 32 S. Ct. 359, 56 L. Ed. 606; Moy Said Ching v. Tillinghast, 21 F.(2d) 810, 811 (C. C. A. 1); Ex parte Wong Foo Gwong, 50 F.(2d) 360 (C. C. A. 9). The dispute is as to the effect to be given such records. If the board were to proceed on strict common-law principles of evidence, the prior record could be used merely to discredit the present testimony of Ng You Lon, leaving the testimony of the applicant and his putative father unimpeached. That is an artificial doctrine. Practically, men will often believe that if a witness has earlier sworn to the opposite of what he now swears to, he was speaking the truth when he first testified. These administrative boards are not bound by common-law rules of evidence, and we see no reason why they should not be permitted to accept a witness' prior testimony as affirmative proof of the fact then asserted, provided it is thought worthy of credence. Such was the effect given it in the cases of Moy Said Ching and Wong Foo Gwong, supra. See, also, Johnson v. Kock Shing, 3 F.(2d) 889 (C. C. A. 1); Wong Wey v. Johnson, 21 F.(2d) 963, 964 (C. C. A. 1); Chew Toy v. Nagle, 27 F.(2d) 513, 514 (C. C. A. 9). The appellee seeks to distinguish these authorities because in them the prior contradictory testimony was given by a member of the family of the applicant, not by a mere neighbor. That distinction goes only to the weight of the prior testimony, not to the applicability of the rule permitting it to be considered as affirmative evidence of the fact stated.

■ In the case at bar, there was the testimony of the applicant, of his father, and of the discredited Ng You Lon in favor of the claimed relationship. Also there was a departmental record of 1923 in which the father testified that he had a son, Ng Ying Hoy, born in 1912. That counts in his favor; if false, the statement can be explained only by the supposition that in 1923 the father had already formed a fraudulent plan to bring in the present applicant. On the other hand, there is the 1920 record in which two witnesses testified that Ng Kee Wong had no son. There was then no reason for them to falsify, they were in a position to know the truth and had no motive for suppressing it. It is true, as urged by the appellee, that the matter was collateral to the issue in which they were then interested, and they may have answered casually and mistakenly. But that two witness-

es who were next-door neighbors and friends of Ng Kee Wong should both have made a mistake of this character would be most surprising. This seems to us enough to raise a reasonable doubt in the minds of officials honestly endeavoring to accord the applicant a fair hearing and to determine the truth. Nor is such doubt allayed by the fact that certain of the discrepancies in the testimony related to matters not wholly insignificant; for example, to mention only the most serious, Ng Kee Wong testified that he had but one house in China—an old one built by his father—while Ng You Lon said it was a new house built in 1920. Ng Kee Wong's subsequent correction of his testimony in this respect may well have left the board still suspicious of his credibility. The applicant said he had always lived in the same house. Bearing in mind the limited character of judicial review, we do not think the board's decision of exclusion could properly be set aside as wholly arbitrary.

The order appealed from is reversed.

CHASE, Circuit Judge, dissents.