**UNITED STATES ex rel. CHEW DECK v. COMMISSIONER OF IMMIGRATION AND NATURALIZATION, PORT OF NEW YORK.**

District Court, S. D. New York.
Jan. 31, 1936.

Paul Jones, of New York City, for relator.

Lamar Hardy, U. S. Atty., of New York City (Thomas McCall, Asst. U. S. Atty., of New York City, of counsel), for respondent.

CAFFEY, District Judge.

1. The claim by the relator that he is the son of an American-born Chinese does not entitle him to a trial de novo by the court. United States ex rel. Jew Lee v. Brough (D.C.) 16 F.(2d) 492.

2. Within the narrow scope of review on habeas corpus of proceedings before the Labor Department, I think it clear, on the evidence, that there is no warrant for reversal of its decision. The executive officials are not bound by the ordinary rules of evidence prevailing in court trials of common-law actions. In a case where the controlling issue is the paternity of an applicant born in China 34 years ago, in the nature of things ascertainment of the truth is difficult. The use of discrepancies as a method of testing the value of testimony is permissible and has long prevailed. See, for example, Tom Ung Chai v. Burnett (C.C.A.) 25 F.(2d) 574, 576. On the application of that test in the case at bar it seems to me plain that the Board of Special Inquiry and the Board of Review kept well within the area of their own province in making the findings, which they have well summarized, on which their conclusions rest. If so, then it is indisputable, as matter of law, that exclusion is justified.

3. I discover nothing irregular or unfair in the Labor Department proceedings. No facts, established by the record, have been called to my attention indicative of lack of due process.

Apparently relator's counsel has in mind some rule relating to the presence of counsel at a hearing or the taking of testimony in the absence of counsel. I do not know what the rule provides on the subject and no copy of it has been furnished me. Moreover, I feel (1) that, on the record, the question of whether the rule (if it exist) be valid is not raised in such way that the court can properly pass on it, and (b) that, under the statute, the Labor Department is vested with power to make such a rule as is described and assailed by counsel.

Writ dismissed. Settle order on two days' notice.