## UNITED STATES ex rel. LEW CHUNG JON v. COMMISSIONER OF IMMIGRATION.

District Court, S. D. New York.
March 12, 1937.

Paul Jones, of New York City, for relator.

Lamar Hardy, U. S. Atty., of New York City (John W. Knox, of New York City, of counsel), for respondent.

HULBERT, District Judge.

The relator, Lew Chung Jon, born in Gwong Hoy City, May 30, 1913, arrived at the Port of New York, October 7, 1936, and, claiming to be an American citizen, sought admission as the son of Lew Mok Bow, a native of San Francisco, who died in Gwong Hoy City on February 11, 1929.

The sole factual issue is that of paternity, which was decided against the relator upon conflicting testimony. Mok Bow returning from a visit to China, upon his arrival in Seattle on June 25, 1913, testified he had no sons or daughters either of the blood or adopted. Pon Shee testified in the proceedings to exclude the relator herein, that she had visited the home of relator one month after his birth and Mok Bow was present. She also testified that Mok Bow was of the "Lew" family, whereas Mok Bow had testified, in the Seattle examination aforesaid, that he was of the "Bow" family. Pon Shee further claimed, upon her said examination, to have been born in Gwong Hoy City and to have lived there until she came to the United States in 1924, except for a year (about 1921) when she lived in Macao. Upon the occasion of her examination upon her arrival at Seattle, the file discloses that she then testified she was born in Macao and had lived there until she was married at the age of 24, and thereafter moved to Pon Hong Village where she lived until she came to the United States. There are other discrepancies.

The practice of testing the value of testimony by discrepancies is permissible and of long usage.

The relator contends that reference to and quotations from the transcript of the records in other cases is hearsay; that he was denied the right of counsel throughout the proceedings and, as he claims to be a son of an American citizen, is entitled to a trial de novo by the Court.

It is well settled that in immigration proceedings it is not essential to observe the rules of evidence as in the trial of cases in courts of law and hearsay testimony is admissible.

In Johnson v. Kock Shing (C.C.A.) 3 F.(2d) 889, it was said: "The officials before whom the hearings were had were not restricted in the reception of evidence to only such as would meet the requirements of legal proof, but could receive and determine the questions before them upon any evidence that seemed to them worthy of credit."

Quite analogous upon the facts is the case of Moy Said Ching v. Tillinghast (C.C.A.) 21 F.(2d) 810, 811, in which the court said: "The immigration records containing these previous statements were properly received and considered by the immigration authorities not only to contradict the testimony of the alleged father but as affirmative proof that the applicant was not his natural son."

The Circuit Court of Appeals of this Circuit, in U. S. ex rel. Ng Kee Wong v. Corsi, 65 F.(2d) 564, at page 565, said: "That the board of special inquiry was entitled to take into consideration its prior departmental records is not questioned, and could not be."

See, also, Ex parte Wong Foo Gwong (C.C.A.) 50 F.(2d) 360; Hom Moon Ong v. Nagle (C.C.A.) 32 F.(2d) 470.

The relator was represented by counsel upon the appeal to the Board of Review and a brief was filed by his attorney in his behalf.

Rule 12 of the Rules of the Department of Labor provides: "Boards of special inquiry shall determine all cases as promptly as circumstances permit, due regard being had to the necessity of giving the alien a fair hearing. Hearings before the boards 'shall be separate and apart from the public'; but the the alien may have one friend

or relative present after the preliminary part of the hearing has been completed: Provided, first, that such friend or relative is not and will not be employed by him as counsel or attorney."

Denial of counsel does not render the hearing unfair nor violate the due process clause of the Constitution (Amendment 14). Brownlow v. Miers (C.C.A.) 28 F. (2d) 653; United States ex rel. Albro v. Karnuth (D.C.) 31 F.(2d) 785.

Section 261 of title 8 U.S.C.A. provides: "The authority, power and jurisdiction by virtue of any law in relation to the exclusion from and the residence within the United States, its territories and the District of Columbia, of Chinese and persons of Chinese descent, are conferred upon the Secretary of Labor * * *."

It was recently said by Judge Caffey, in United States ex rel. Chew Deck v. Commissioner of Immigration and Naturalization (D.C.) 17 F.Supp. 78, 79: "The claim by the relator that he is the son of an American-born Chinese does not entitle him to a trial de novo by the court. United States ex rel. Jew Lee v. Brough (D.C.) 16 F.(2d) 492." The latter case was affirmed without opinion in (C.C.A.) 86 F.(2d) 1020.

For the foregoing reasons, the writ will be dismissed. Settle order on two days' notice.