UNITED STATES ex rel. Lau CHIU v. REIMER, Commissioner of Immigration.

District Court, S. D. New York.

Nov. 21, 1939.

M. Michael Edelstein, of New York City, for relator.

John T. Cahill, U. S. Atty., of New York City (J. Randall Creel, Asst. U. S. Atty., of New York City, of counsel), for respondent.

MANDELBAUM, District Judge.

A Special Board of Inquiry excluded the applicant from admission to this country. An appeal was taken to the Department of Labor but the appeal was dismissed and the applicant ordered excluded.

The applicant sought entry claiming that he was the son of an American citizen. The citizenship of the alleged father is not in dispute. The ground upon which the exclusion order is based is the failure of the applicant to establish the claim of relationship to a citizen of the United States, and was therefore not admissible under Section 13 (c) of the Immigration Act, 8 U.S.C.A. § 213 (c).

The petition upon which this writ is predicated claims that the ruling of the Immigration authorities and the Labor Department are erroneous because there is no evidence to sustain the decision of the Board; that the hearing accorded the applicant was unfair; that the decision of the Immigration authorities was arbitrary and an abuse of discretion.

I have examined the testimony adduced before the Special Board of Inquiry, together with the exhibits dealing with prior testimony given by the witnesses in other Immigration proceedings, as well as the briefs submitted on behalf of the Government and the applicant.

This case is what is commonly known as a Chinese exclusion case. These cases are usually vexatious matters because of the difficulty in following the lineage, and understanding the customs, ways and practice of the Chinese in their family relationships. It is therefore a specialized field and as pointed out by the United States Attorney, the decision rests largely on the valuation of Chinese testimony. It is submitted that the agents of the Chinese Division of the Immigration and Naturalization Service are men who are familiar with the customs and ways of the Chinese.

It is well settled and needs no citation of authority that judicial review of decisions of administration officials enforcing the Immigration laws is limited. Judge Swan, in United States ex rel. Ng Kee Wong v. Corsi, 2 Cir., 65 F.2d 564, enunciates the rule to be followed in Chinese exclusion cases. The learned judge states that the issue is not how the District or Circuit Court would have decided the question of paternity on the evidence presented, but whether the evidence against paternity was so slight so as to make the Board's decision wholly arbitrary amounting to a denial of a fair hearing.

At bar, the Board examined one Lau Chiu, the maternal uncle of the applicant, who stated that the applicant's mother was the sister of the witness. This appears to be a clear discrepancy with testimony given by the same witness in 1919 in which he stated that he was the only child who survived his parents, both of whom died prior to 1900 (the applicant was born in 1911).

The other witness, Lee Shee, a female Chinese, testifying in support of applicant's paternity, stated that she lived in the same village prior to 1921; and knew both the applicant and his father; that she left China in 1924 when the applicant was 14 years old. The Board held that the lapse of time impaired her testimony as an identifying witness.

Applying the test laid down by Judge Swan in the Ng Kee Wong Case, supra, I cannot say that the evidence against paternity was so slight so as to make the decision of the Board arbitrary or unfair. On the contrary, a reading of the testimony, in conjunction with the other exhibits in the case, convinces the court that the decision of the Board was based upon substantial evidence and it seems clear that the applicant has not sustained the burden of proving that he was in fact the son of Lee Chong Toy. Title 8 U.S.C.A. § 221. The Board may exclude on discrepancies and inconsistencies alone in Chinese exclusion cases, where there is no affirmative evidence against the applicant. U. S. ex rel. Ng Kee Wong .v. Corsi, supra; U. S. ex rel. Gong Sik Ho v. Corsi, 2 Cir., 62 F.2d 785. I am unable to find that the Board has been unfair and arbitrary with respect to any of the other matters urged by the applicant.

I am therefore compelled to dismiss the writ.