## UNITED STATES ex rel. HOM LING WUN v. REIMER, Commissioner of Immigration.

District Court, S. D. New York.

March 6, 1940.

Michael Edelstein, of New York City, for relator.

John T. Cahill, of New York City (J. Randall Creel, of New York City, of counsel), for respondent.

CONGER, District Judge.

Habeas corpus by Hom Ling Wun, father and next of kin of Hom Fook Shew, an infant.

The writ of habeas corpus has been brought on behalf of the above-named infant, Hom Fook Shew, by reason of an exclusion order against him. He has been denied admission to the United States, and ordered excluded by a Board of Special Inquiry, and by the Secretary of Labor on appeal.

The applicant for admission is eleven years of age. He claims to be the son of Hom Ling Wun, who is an American citizen.

Records of previous hearings accorded the father, members of the father's family and the identifying witness were considered by the Board and made a part of the present hearing. The Board of Special Inquiry denied the request for admission of the said infant. The appeal to the Department of Labor was denied by the Board of Review of the Department of Labor.

The writ of habeas corpus is based on the ground that there is no evidence to sustain the decision of the Board of Special Inquiry, and that the decision of the immigration authorities was arbitrary and an abuse of discretion.

There is no question of the citizenship of the father Hom Ling Wun. The only question involved is whether the infant is the son of Hom Ling Wun.

The decision of the immigration authorities is based on certain discrepancies in

the testimony of the infant and his father, and in the testimony of the identifying witness. It will not be necessary to refer to these discrepancies in detail, suffice to say that two of them have to do with discrepancies and variances in the testimony of the applicant himself.

There are seven discrepancies and variances which are specifically pointed out. In the testimony of the infant there exists a variance with the testimony of his father and himself, concerning his father's name and also the name of an adopted brother of the father.

It is an accepted rule in these Chinese cases, where probably all the information is within the knowledge of the interested parties, that variances and discrepancies in testimony are about the only indicia of the truth or falsity of the story told by the applicant and his witnesses.

The immigration authorities in this case, considering the discrepancies and variances shown on the examination, have come to the conclusion that the applicant is not the son of Hom Ling Wun.

The courts have placed a very narrow limitation upon the review of administration decisions in cases of this nature. The Circuit Court of Appeals for this Circuit, in the cases of United States ex rel. Ng Kee Wong v. Corsi, 65 F.2d 564, 565, has stated: "The power of the courts to review the decisions of administrative officials charged with the duty of enforcing the immigration laws is very limited. See United States ex rel Fong Lung Sing v. Day [2 Cir.], 37 F.(2d) 36, and cases there cited. Hence the issue before the District Court, and now before us, is not how it, or we, would have decided the question of paternity on the evidence presented, but whether the evidence against paternity was so slight as to make the board's decision wholly arbitrary, amounting to a denial of a fair hearing."

And again in United States ex rel. Fong Lung Sing v. Day, 2 Cir., 37 F.2d 36, 37, we find the rule laid down:

"Yet our review is limited to the substantial fairness of the proceedings, which need only insure opportunity to the applicant to make his proof and to know what evidence he has to meet, and disclose some evidence which more than colorably supports the result.

*     *     *     *     *

"With the rest we need not concern ourselves for it is enough that on these grounds a board of impartial men might conclude that the applicant's paternity was at least in doubt."

There is no necessity to cite further decisions, because the rule has been enunciated so many times it is almost academic. Bearing in mind the limited character of the judicial review, I do not think the Board's decision of exclusion can be said to be arbitrary.

True the applicant is young; yet his testimony as given before the immigration authorities shows an intelligence beyond his years. I cannot say that a failure to properly name his father, and properly name his father's foster brother, is a slight discrepancy, or an immaterial discrepancy. These, taken with the other discrepancies which have cumulative value, lead me to believe the findings of the immigration authorities were not arbitrary and were not based on prejudice. From the record it does not affirmatively appear that the immigration authorities have acted in an unlawful or improper way, or abusive of their discretion in making their findings of fact.

Writ dismissed. Settle order on notice.