**GAMBROULIS v. NASH, Inspector In Charge, etc.**

(Circuit Court of Appeals, Eighth Circuit. March 16, 1926.)

No. 7021.

**1. Aliens ⬤⟹54(2).**

Deportation proceedings are not in their nature criminal.

**2. Aliens ⬤⟹53—Conviction in criminal proceeding is not essential to deportation for managing house of prostitution.**

To warrant deportation on charge that alien has been managing house of prostitution, it is not necessary that there be a previous conviction in a criminal proceeding.

**3. Aliens ⟨⟩⟩54(17).**

Findings of fact in deportation proceedings, supported by substantial evidence, will not be reviewed, in absence of fraud or mistake.

**4. Aliens ⟨⟩⟩54(17).**

Whether there is any substantial evidence presented in support of charge in deportation proceedings is question of law, reviewable by court.

**5. Aliens ⟨⟩⟩54(9)—Evidence held to sustain finding alien was connected with management of house of prostitution, and to warrant deportation (Act Feb. 5, 1917, § 19 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj]).**

Evidence *held* to sustain finding that alien was connected with management of house of prostitution, and to warrant his deportation under Act Feb. 5, 1917, § 19 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj).

Appeal from the District Court of the United States for the Eastern District of Missouri.

Habeas corpus proceeding by Andrew Gambroulis against James T. H. Nash, Immigration Inspector. From a decree discharging the provisional writ, and remanding petitioner to custody, he appeals. Affirmed.

M. X. Morris, of St. Louis, Mo. (McCarthy, Morris & Zachritz, of St. Louis, Mo., on the brief), for appellant.

Carroll W. Harlan, Asst. U. S. Atty., of St. Louis, Mo. (Allen Curry, U. S. Atty., of St. Louis, Mo., on the brief), for appellee.

Before SANBORN and KENYON, Circuit Judges, and YOUMANS, District Judge.

KENYON, Circuit Judge. Appellant is an alien, a citizen and subject of Greece, and has for some ten years been a resident of St. Louis, Mo., operating for the last three or four years a 12-room lodging house. He was arrested in September, 1924, under a warrant issued by the Department of Labor, which reads as follows:

"Warrant—Arrest of Alien.

"United States of America, Department of Labor, Washington.

"No. 55424/339.

"To District Director of Immigration, St. Louis, Mo., or to Any Immigrant Inspector in the Service of the United States:

"Whereas, from evidence submitted to me, it appears that the alien, Andrew Gambroulis, who landed at the port of New York, N. Y., on or about the 15th day of August, 1915, has been found in the United States in violation of the Immigration Act of February 5, 1917, for the following reasons: 'That he has been found managing a house of prostitution.'

"I, Theodore G. Risley, Acting Assistant Secretary of Labor, by virtue of the power and authority vested in me by the laws of the United States, do hereby command you to take into custody the said alien and grant him a hearing to enable him to show cause why he should not be deported in conformity to law. For so doing this shall be your sufficient warrant.

"Witness my hand and seal this 20th day of September, 1924.

"[Signed] Theodore G. Risley,
"Acting Asst. Secretary of Labor."

A hearing was held before J. T. H. Nash, Immigration Inspector, September 24, 1924, at which appellant was represented by an attorney, and considerable evidence was introduced. At the close of the hearing the entire matter, with brief submitted by counsel for the alien, together with the recommendation of the examining officer that a warrant for deportation be issued, was transmitted to the Department of Labor at Washington. December 1, 1924, the acting Secretary of Labor ordered the alien deported. On November 27, 1924, the alien presented a petition for a writ of habeas corpus to the United States District Court at St. Louis. The court issued a provisional writ, to which appellee, the officer having the alien in custody, responded and pleaded as justification for his custody of said alien the warrant of arrest hereinbefore set out, and asked that the provisional writ of habeas corpus be discharged, and the petitioner remanded to his custody, in order that the deportation could be proceeded with. The trial court discharged the provisional writ December 16, 1924, and remanded petitioner to the custody of appellee. From that order and judgment this appeal is taken.

While the petition for writ of habeas corpus was filed before final order of deportation, the decision of the court was not rendered until thereafter. The order of deportation is not in the record. It is assumed in argument that such order was made. Both sides treated the matter as a contest over the right of the Department of Labor to deport the alien on the charge, set forth in the warrant of arrest, "that he had been found managing a house of prostitution," and we so treat it on this appeal. In any event, he was re-

strained of his liberty either under the warrant of arrest or the order of deportation.

[1] A number of more or less general assignments of error were filed. The questions raised thereby are few. One urged is that appellant has never been convicted of, nor admitted the commission since his entry into this country of, such an offense as he is charged with, and that conviction before some competent tribunal is a condition precedent for deportation under the charge made. The law upon which this deportation proceeding is based is section 19, chapter 29, Act of February 5, 1917 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4289¼jj). The part thereof applicable here is as follows: "Any alien who shall be found an inmate of or connected with the management of a house of prostitution or practicing prostitution after such alien shall have entered the United States, or who shall receive, share in, or derive benefit from any part of the earnings of any prostitute, * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported." Deportation proceedings are not in their nature criminal. Bilokumsky v. Tod, 263 U. S. 149, 154, 44 S. Ct. 54, 68 L. Ed. 221; Bugajewitz v. Adams, 228 U. S. 585, 33 S. Ct. 603, 57 L. Ed. 978; Fong Yue Ting v. United States, 149 U. S. 698, 113 S. Ct. 1016, 37 L. Ed. 905; Svarney v. United States (C. C. A.) 7 F.(2d) 515.

[2] While the alien was entitled to a fair hearing on the charge before some proper and authorized officer of the Department of Labor, he could not insist that on the charge of managing a house of prostitution he must be convicted thereof in a criminal proceeding in a court of competent jurisdiction before he could be deported. There is no merit in this contention.

Appellant claims there was an absence of evidence to sustain the order of deportation, and therefore the hearing and result thereof were unfair. Deportation is a matter of such serious moment that the hearing before the officer to whom that duty is intrusted under the statutes must be manifestly fair and in good faith. The Supreme Court of the United States and this court have passed on and settled the various questions generally arising in these deportation cases. This case presents nothing new. Everything pertinent thereto and necessary to its determination has been heretofore considered and decided by said courts. We quote from a few:

"It is fully settled that the decision by the Secretary of Labor, of such a question as we have here, is final, and conclusive upon the courts, unless it be shown that the proceedings were 'manifestly unfair,' were 'such as to prevent a fair investigation,' or show 'manifest abuse' of the discretion committed to the executive officers by the statute (Low Wah Suey v. Backus [225 U. S. 460, 32 S. Ct. 734, 56 L. Ed. 1165] supra), or that 'their authority was not fairly exercised, that is, consistently with the fundamental principles of justice embraced within the conception of due process of law' (Tang Tun v. Edsell, 223 U. S. 673, 681, 682 [32 S. Ct. 359, 56 L. Ed. 606]). The decision must be after a hearing in good faith, however summary (Chin Yow v. United States, 208 U. S. 8, 12 [28 S. Ct. 201, 52 L. Ed. 369]), and it must find adequate support in the ·evidence (Zakonaite v. Wolf, 226 U. S. 272, 274 [33 S. Ct. 31, 57 L. Ed. 218])." Kwock Jan Fat v. White, 253 U. S. 454, 457–458, 40 S. Ct. 566, 567 (64 L. Ed. 1010).

"A series of decisions in this court has settled that such hearings before executive officers may be made conclusive when fairly conducted. In order to successfully attack by judicial proceedings the conclusions and orders made upon such hearings, it must be shown that the proceedings were manifestly unfair, that the action of the executive officers was such as to prevent a fair investigation or that there was a manifest abuse of the discretion committed to them by the statute. In other cases, the order of the executive officers within the authority of the statute is final." Low Wah Suey v. Backus, 225 U. S. 460, 468, 32 S. Ct. 734, 735 (56 L. Ed. 1165).

This court has laid down the requisites of such hearing in Whitfield v. Hanges, 222 F. 745, 749, 138 C. C. A. 199, 203, where it said: "Indispensable requisites of· a fair hearing according to these fundamental principles are that the course of proceeding shall be appropriate to the case and just to the party affected; that the accused shall be notified of the nature of the charge against him in time to meet it; that he shall have such an opportunity to be heard that he may, if he chooses, cross-examine the witnesses against him; that he may have time and opportunity, after all the evidence against him is produced and known to him, to produce evidence and witnesses to refute it; that the decision shall be governed by and based upon the evidence at the hearing, and that only; and that the decision shall not be without substantial evidence taken at the hearing to support it." These same doc-

'trines have been announced by this court in Ungar v. Seaman (C. C. A.) 4 F.(2d) 80; Jung See v. Nash (C. C. A.) 4 F.(2d) 639; Svarney v. United States (C. C. A.) 7 F. (2d) 515. See, also, on general subject, Bilokumsky v. Tod, 263 U. S. 149, 44 S. Ct. 54, 68 L. Ed. 221; Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938; Gegiow v. Uhl, 239 U. S. 3, 36 S. Ct. 2, 60 L. Ed. 114; Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606; Chin Yow v. United States, 208 U. S. 8, 28 S. Ct. 201, 52 L. Ed. 369; United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; Christy v. Leong Don (C. C. A.) 5 F.(2d) 135; Hughes v. United States (C. C. A.) 1 F.(2d) 417.

The record here discloses nothing unfair in the procedure before the officials of the Department of Labor. The alien was fairly and fully notified of the charge against him, he had counsel to represent him, was given every opportunity to secure witnesses, and to cross-examine the witnesses presented by the Immigration Inspector. Indeed, this is not questioned by appellant, but he does claim that substantial evidence to sustain the finding being absent the result of the hearing and order entered thereon were unfair.

[3, 4] The courts will not review the findings of the Department of Labor on the fact question involved, if there is substantial evidence to support it; fraud and mistake being absent. Ng Fung Ho v. White, 259 U. S. 276, 42 S. Ct. 492, 66 L. Ed. 938; Tang Tun v. Edsell, 223 U. S. 673, 32 S. Ct. 359, 56 L. Ed. 606; United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040; Whitfield v. Hanges, 222 F. 745, 138 C. C. A. 199. Whether there is any substantial evidence presented at the hearing to support the charge is a question of law, reviewable by the court. Whitfield v. Hanges, 222 F. 745, 138 C. C. A. 199.

[5] As we view this case, it is reduced to the one question, viz.: Was the decision of the Department of Labor based upon substantial evidence presented at the hearing? The most we think that can be claimed by appellant under the evidence is that the question whether or not he was the actual manager of a house of prostitution is a debatable one. That there is substantial evidence to show he was is apparent from a perusal of this record. Therefore it is not the province of this court to interfere with such fact finding. A member of the St. Louis police force testified that the place which the alien admits he conducted as a rooming house had the reputation of being

a house of prostitution. There is direct evidence from some of the inmates of said house that they carried on prostitution there and gave to appellant part of their earnings. The evidence is so nauseatingly vile that we refrain from setting out any part thereof. Measured by all the tests in the various decisions of the courts heretofore referred to, appellant had a fair hearing. There was substantial evidence there presented upon which to base the finding of the Department of Labor that he was connected with the management of a house of prostitution.

The order of the trial court discharging the writ of habeas corpus was correct, and is affirmed.