The petition for rehearing is denied.

---

**NG YUK MING v. TILLINGHAST, Commissioner of Immigration.**

Circuit Court of Appeals, First Circuit.
October 26, 1928.

No. 2238.

William H. Lewis, of Boston, Mass. (John G. Sullivan, of Boston, Mass., on the brief), for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an appeal from the District Court of Massachusetts, dismissing a writ of habeas corpus and remanding the applicant, Ng Yuk Ming, to the custody of the Commissioner of Immigration for deportation to China.

The applicant claims a right of admission to this country as the foreign-born son of Ng Ling, a citizen of the United States. It appears that hearings were had before a Board of Special Inquiry at Boston on November 25, 28, 29 and 30, 1927, and that, while the board was satisfied as to the citizenship of the alleged father, it was not as to the claimed relationship of the applicant, and found that he should be excluded as a Chinese alien, not a member of any of the exempt classes entitled to come into the United States; that an appeal was taken to the Secretary of Labor, and that, on December 27, 1927, the appeal was heard before a Board of Review, which rendered an opinion in which, after stating that relationship was the only issue in the case and that there were discrepancies in the testimony given by the alleged father and the applicant, it concluded by saying that "it is not believed that the evidence establishes that Ng Yuk Ming is the son of the man alleged to be his father," and recommended that his appeal be dismissed. The Assistant Secretary of Labor so ordered. Thereupon this writ of habeas corpus was prosecuted, and, after hearing in the District Court, at which the only evidence submitted was the record of the immigration authorities, the decree here appealed from was entered.

The Board of Review prefaced its report and finding with the statement that the alleged father went to China in 1920 and remained there until he returned to the United States in November 1923; that the applicant disagreed with the alleged father by testifying that during the latter's visit to China (1920–1923), except in vacation time, he slept at the schoolhouse, the same as he had done at other times while attending school, while the alleged father testified that the applicant "slept at home all the time he was in China"; that they also disagreed in the description of

the schoolhouse and in regard to the families of certain near neighbors; also as to whether the father had ever visited the applicant at the school, and the room in which he visited the applicant when there; also as to whether there cant when there; also as to whether there was a doorkeeper at the school, as to which the alleged father testified that there was, and the applicant that there was none. It was on these alleged discrepancies that the Board of Review made its finding and recommendation upon which the order of exclusion was based.

The witnesses consisted of the applicant, the alleged father, and an identifying witness, a Chinese. All three testified that the applicant, Ng Yuk Ming, was the son of Ng Ling, the alleged father. The alleged father testified that he was married in China to Moy She January 18, 1912; that the applicant was born in China September 25, 1912, "a few days ahead of time"; that when he returned to the United States in 1914, Ng Yuk Ming was 3 years old, Chinese time (2 years old, our time); that he had three other children, Ng Lan Thue, 13 years old, born June 8 or 9, 1914, Ng Yuk Foo, 6 years old, born December 8, 1922, and Ng Yuk Poy, 5 years old, born September 26, 1923; that his daughter, Ng Lan Thue, was born a short time before he left China to return to the United States in 1914; that his son, Ng Yuk Poy, was born about 3 or 4 months before he left China for the United States in 1923; and that all his children were born at times when he was at home; that when he returned to the United States in 1923 he left home in October (the 10th month). The applicant and the identifying witness, who maintained a home in the same village in China where the alleged father had a home, and whose houses were in adjoining rows, confirmed the testimony of the alleged father as to the number of his children, their names and ages.

There was also evidence that the alleged father testified before the immigration officials at Seattle on his return from China in 1914, at Boston in 1916, at New York in 1920, and at Seattle again in 1923, when he last returned from China, and his testimony given at these times was made a part of the record in this case. The Seattle record of September 14, 1914, shows that the alleged father was then questioned as to his family, and testified that he married Moy She in January, 1912; that he had a son, Ng Yuk Ming, born in September, 1912, and an unnamed daughter, born some three months before his return. The Boston record of 1916 shows that he then testified to having such a son and daughter. The New York record of August 25, 1920, shows that he had a son, Ng Yuk Ming, born in September, 1912, and a daughter, Ng Lan Thue, born in June, 1914. And the Seattle record of November, 1923, shows that he then had three boys and one girl, the last two boys having been born while he was in China between 1920 and 1923.

It thus appears that in 1914, when the applicant was 2 years old, and 13 years before he applied for admission to the country, the alleged father at Seattle testified before the immigration authorities that he had a son bearing the name of the applicant, who was born September 25, 1912, which he confirmed on every other occasion upon which he was called upon to testify. It is clear that in 1914 the alleged father had no reason for stating he had such a son, if it was not the fact. The question of relationship, therefore, on the undisputed evidence, narrows itself down to the question whether the applicant is the Ng Yuk Ming that was born of the union of Ng Ling and Moy She on September 25, 1912. All three witnesses, who gave testimony in this case, are in agreement upon this point. The discrepancies relied upon by the immigration authorities relate to collateral matters, all of which are of such a trifling nature as to furnish no substantial evidence for reaching a contrary conclusion.

The decree of the District Court is reversed, and the case is remanded to that court, with directions to enter an order granting the petition, sustaining the writ and discharging the petitioner from custody.