UNITED STATES ex rel. SINCLAIR v. SMITH, District Director, United States Department of Labor, Immigration Service, et al.

District Court, N. D. Illinois, E. D. May 10, 1929.

No. 37808.

Barrett O'Hara, of Chicago, Ill., for petitioner.

George E. Q. Johnson, U. S. Atty., and Eugene A. Tappy, Asst. U. S. Atty., both of Chicago, Ill., for respondents.

WOODWARD, District Judge. This cause was submitted on the petition for a writ of habeas corpus, the return of the respondents thereto, written briefs, and oral arguments of counsel. From the petition and return the following facts may be deduced:

Harry David Petrie, on whose behalf the petition is filed, is an alien, a citizen of Canada. He last entered the United States by automobile over the Peace Bridge at Buffalo, N. Y., on January 24, or 25, 1928. He had no unexpired immigration visa. He paid no head tax. He was not examined by a United States immigration officer at the time of his entry, other than the statement to such officer, at the time of his entry, that he was coming to the United States "on a business trip for a week or so."

On February 28, 1929, he was arrested on an immigration warrant in which he was charged, in substance, (1) that he was not, at the time of his entry into the United States, in possession of an unexpired immigration visa; and (2) that he entered the United States by means of false and misleading statements, thereby entering without inspection.

On March 1, 1929, a hearing before D. O'Connor, United States immigrant inspector, was commenced. At this hearing petitioner was represented by his attorney. At the request of petitioner's attorney, a further hearing was deferred until March 8. On March 8 the hearing was resumed, the petitioner appearing by counsel, and the petitioner being given full opportunity to present his evidence. At the conclusion of the hearing no finding was made, but the inspector inquired of petitioner's counsel if he cared to submit a brief, to which counsel for petitioner replied in the affirmative. On March 14, 1929, counsel for petitioner was advised by the district director of the immigration service to get his brief on file on or before March 22, 1929. On March 20, 1929, counsel for petitioner was advised by the director "that the return date of March 22

for the brief was in error and should have been March 19. Under the circumstances, please arrange to submit your brief to this office not later than 10:30 o'clock to-morrow, March 21, 1929." The brief was filed within the time last fixed.

However, on March 19, 1929, the assistant to the Secretary of Labor issued a warrant of deportation, in which he held that the petitioner had been found in the United States in violation of the Immigration Act of February 5, 1917 (8 USCA § 101 et seq.)

The discharge of petitioner is urged on various grounds, only one of which need be noticed, as, in the view of the court, it is decisive of the case.

■■ The contention is made that the petitioner did not have a fair hearing. It is fundamental that the alien is entitled to a fair hearing before the Department of Labor. As was said by the court in the case of Gambroulis v. Nash (C. C. A.) 12 F.(2d) 49, 51: "Deportation is a matter of such serious moment that the hearing before the officer to whom that duty is entrusted under the statutes must be manifestly fair and in good faith."

In the case of Kwock Jan Fat v. White, 253 U. S. 454, 40 S. Ct. 566, 567, 64 L. Ed. 1010, the court say: "It is fully settled that the decision by the Secretary of Labor, of such a question as we have here, is final, and conclusive upon the courts, unless it be shown that the proceedings were 'manifestly unfair,' were 'such as to prevent a fair investigation,' or show 'manifest abuse' of the discretion committed to the executive officers by the statute (Low Wah Suey v. Backus, 225 U. S. 460 [32 S. Ct. 734, 56 L. Ed. 1165]), or that 'their authority was not fairly exercised, that is, consistently with the fundamental principles of justice embraced within the conception of due process of law.'"

The requisites of a fair hearing are laid down in a number of cases. The language of the court in Whitfield v. Hanges (C. C. A.) 222 F. 745, clearly enunciates the principles running through all the cases: "Indispensable requisites of a fair hearing according to these fundamental principles are that the course of proceeding shall be appropriate to the case and just to the party affected; that the accused shall be notified of the nature of the charge against him in time to meet it; that he shall have such an opportunity to be heard that he may, if he chooses, cross-examine the witnesses against him; that he may have time and opportunity, after all the evidence against him is produced and known to him, to produce evidence and witnesses to refute it; that the decision shall be governed by and based upon the evidence at the hearing, and that only; and that the decision shall not be without substantial evidence taken at the hearing to support it."

The record discloses that a hearing was had, of which the petitioner had notice and at which time he was represented by counsel. The record further discloses that at the conclusion of the hearing serious questions of law were raised as to the authority of the Department of Labor to deport petitioner. It was contended that the petitioner had the right to remain in the United States by virtue of the Jay Treaty of 1794. It was further contended that petitioner was not an immigrant, in that he came within the exception of clause (2) of section 3 of the Immigration Act of 1924 (8 USCA § 203), claiming that the evidence showed that he was visiting the United States temporarily for business.

Apparently the immigrant inspector who conducted the hearing regarded the questions raised by petitioner as substantial and as worthy of consideration. Accordingly counsel for petitioner was invited to file a brief. Not only was petitioner's counsel invited to file a brief, but a day was fixed on which it should be filed. Having invited the filing of a brief, and having fixed a day upon which it should be filed, the implied promise was made that it would be considered before a final determination was made. Having invited arguments and suggestions on behalf of the alien, the Department of Labor could not, without being manifestly unfair, and without a breach of good faith, order his deportation before the date fixed for their presentation. Yet this is exactly what was done. Briefs were ordered filed by March 22. Later the date for filing briefs was fixed for March 21. In the meantime, however, and on March 19—two days before the briefs were due—the deportation warrant was issued.

Under the circumstances disclosed by this record, the proceedings present a plain violation of the fundamental principles of fair play to which petitioner was entitled. The record disclosed that the proceedings were "manifestly unfair," and that the authority of the Department of Labor did not accord petitioner a fair hearing and consideration.

The writ is sustained, and petitioner discharged.