**JEW MOOK ex rel. JEW WING LUNG v. TILLINGHAST, Commissioner of Immigration.**

Circuit Court of Appeals, First Circuit. December 4, 1929.

No. 2365.

Joseph F. O'Connell, of Boston, Mass., for appellant.

John W. Schenck, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

ANDERSON, Circuit Judge. This habeas corpus case involves the familiar question whether the applicant, a boy born in December, 1913, is the son of an admittedly native-born citizen. The court below, without opinion, denied the writ, thus, by necessary implication, ruling that the court was without jurisdiction.

We think this decision must be reversed; that the claim of paternity is established by the overwhelming weight of the evidence, with no relevant evidence to support the decision.

The applicant, Jew Wing Lung, the alleged father, Jew Mook, and his alleged brother, Jew Hem Sang (admitted to the United States in July, 1928, as the real son of Jew Mook), all testified explicitly that the immediate family consisted of these three witnesses, and a second wife, married to Jew Mook on his last trip to China in 1921-22, the mother of a third son, Jew Hem O.

The following is a more detailed résumé of the material testimony:

The applicant, Jew Wing Lung, was born in Ping Kai village, China, December 26, 1913. He testified he had two brothers, Jew Hem Sang, born December 28, 1912, and a half-brother, Jew Hem O, born December 29, 1922; that his brothers were also born in Ping Kai village; that his mother, Wong Shee, died on January 15, 1915; that he was brought up by his paternal grandmother, Jew (Chew) Shee, aged 71, from Yung Gong district; that his father, Jew Mook (given name), Jew King Jim (marriage name), was married a second time; that his first wife's name was Wong Shee, of Gin Gong village, Hong Ping district, China; that she died, as above stated, January 15, 1915, when he was two years old; that his father's second marriage took place July 4, 1921, while the father was home on a visit of about a year; that he and his brother, Jew Hem Sang, attended the father's wedding; that his father's second wife's name was Wong Shee, a native of Shuey Thlin village, Hong Ping district; that she was the mother of Jew Hem O; that his father, Jew Mook, had two brothers and a sister; that the father's brothers' names

were Jew Shim (given name), Jew Ching Jim (marriage name), now in the United States, and Jew Bing Fow, single, now in some Spanish-speaking country; that Jew Shim returned to China in 1923, where he remained for a year or more, and that the applicant saw him several times while there; that he never saw the other brother of his father; that his uncle, Jew Shim, was married on December 25, 1923, in the home village, and had a son, Jew Moon Wong, born January 9, 1925, in the home village; that the applicant and his brother, Jew Hem Sang, attended his uncle Jew Shim's wedding; and that his paternal grandmother (Jew Shee) now lived with his uncle's (Jew Shim's) family. The records in the immigration office clearly show that Jew Mook had a second son of the applicant's name and age; that in 1921, when he returned to China, he was preinvestigated, and gave the names and births of the applicant and his brother, Jew Hem Sang, as his sons, and did the same on his return from China on the completion of that visit, during which his second marriage took place. The testimony of Yee Jew Let (a witness for the applicant's brother, Jew Hem Sang, when the brother applied for admission in June, 1928), was, as shown by the immigration records, that he saw the applicant at Kai Thlin Academy, where he was attending school; and the records also show that when the uncle, Jew Shim, was readmitted on his return from his visit to China in 1923, he testified that his brother, Jew Mook, had three sons. And the evidence in this case shows that, while the applicant was being examined before the board of special inquiry, he was shown two photographs, one taken from the Seattle file, relating to Jew Shim, and the other taken from the San Francisco file, relating to Jew Mook, and, although he had not seen Jew Shim for five years or Jew Mook for about six years, he identified the pictures as being those of his uncle, Jew Shim, and his father, Jew Mook. In general, there were no substantial contradictions in the entire body of evidence.

Nevertheless, the immigration authorities, by necessary implication, found that all three witnesses were in a conspiracy to commit perjury concerning the paternity of the applicant. To sustain their decision to exclude, they must have found one of these subordinate facts:

(1) That Jew Mook never had any such son, and that Jew Hem Sang never had any such brother, as Jew Wing Lung.

(2) That, if any such son and brother ever

existed, he had died or still remained in China.

(3) That some stranger to the family—a pseudo son—was being substituted for the nonexistent or dead son and brother.

To sustain these far-reaching propositions, the immigration authorities relied on such minor and utterly irrelevant contradictions as a difference between the two alleged brothers concerning the sleeping quarters in the academy they both attended, on a trifling difference as to the way money remittances from the father were received, and (apparently) to a difference in dialect between the alleged brother and the applicant, although the alleged father is found to speak the same dialect as the applicant.

We think that no fair and reasonable mind could reach these conclusions; that the case falls within the principles hitherto laid down in this and other courts in such cases as Johnson v. Ng Ling Fong, 17 F.(2d) 11; Fong Tan Jew v. Tillinghast, 24 F.(2d) 632; Mason v. Tillinghast, 27 F.(2d) 580; Nagle v. Wong Ngook Hong, 27 F.(2d) 650; Ng Yuk Ming v. Tillinghast, 28 F.(2d) 547; Chin Gim Sing v. Tillinghast, 31 F.(2d) 763; Nagle v. Dong Ming, 26 F.(2d) 438; Wong Sik Wye v. Nagle, 33 F.(2d) 226; Ging Yow v. Nagle, C. C. A. (9th Cir.) September, 1929. Compare, also, Whitfield v. Hanges, 222 Fed. 745; United States ex rel. Sinclair v. Smith, 33 F.(2d) 914; Gambroulis v. Nash, 12 F.(2d) 49, 51.

The result is that the decision of the immigration authorities must be found to be unfair and unwarranted, the writ must issue, and the applicant be admitted as the real son of Jew Mook.

The decree of the District Court is vacated, and the case is remanded to that court for further proceedings not inconsistent with this opinion.