## In re GOMES.
### No. 5984.

District Court, D. Massachusetts.
April 28, 1939.

Leon B. Newman, of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and Alfred G. Malagodi, Asst. U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is a petition for a writ of habeas corpus, brought by Alfredo Gomes, who is about to be deported as an alien unlawfully within the United States.

On July 2, 1927, one Aniceto Gomes, aged 18 years, arrived at New Bedford, Mass., from Brava, Cape Verde Islands, on the "Matthew S. Greer". He was examined, found not entitled to enter, and was refused admission. This party succeeded in escaping from the boat and did not then return to Brava. In 1936, the petitioner, known as Alfredo Gomes, was apprehended, examined and finally, on February 13, 1937, arrested on deportation warrant. After hearing, he was found to be the same alien who arrived on the "Matthew S. Greer" and liable to deportation.

The decision of the Immigration Commissioner was reviewed by a Board of Review and affirmed.

Two questions are presented: (1) whether there was any substantial evidence to sustain the findings of the Immigration Commissioner, and (2) whether the alien was accorded a fair hearing.

Hearings were held between February 13, 1937, and March 12, 1938, at which the alien was represented by an attorney and presented all the witnesses he desired to call to testify in his behalf. He succeeded in satisfying the inspector that he had first landed in the United States before 1924, but did not satisfy him that he had not returned to Brava and that he was not the Aniceto Gomes who landed and escaped from the "Matthew S. Greer" in 1927.

Through the State Department, the Immigration authorities caused an investigation to be made in Cape Verde Islands, while the hearings were pending, and the results of this investigation were submitted at one of the later hearings. This investigation disclosed that one Aniceto Gomes was born April 17, 1908, that he was from childhood known as Alfredo Gomes, that in 1926 he was in Brava and that he "returned" to the United States in May, 1927.

During the hearings, after all of the alien's evidence had been heard, but before the information from abroad had been received, the inspector falsely accused the attorney for the alien with conduct unbecoming an attorney, and displayed a hostile attitude toward the alien and his attorney from that time on. The record does not warrant, however, a finding that he prejudged the case. If he was prejudiced in reaching his decision, which is not clear, there is no doubt that the Board of Review carefully weighed the evidence for and against the alien, uninfluenced by any altercation between the inspector and the attorney, and reached the same conclusion on the record.

The petitioner was not denied an opportunity to present additional evidence, but the Department properly refused to reopen the case for the purpose of incorporating in the record the dispute between the inspector and the attorney.

420

In support of his contention that he had not had a fair hearing, the alien cited Strench v. Pedaris, 10 Cir., 55 F.2d 597; Pantazes v. Hays, D.C., 15 F.Supp. 1053 and United States ex rel. Sinclair v. Smith, D.C., 33 F.2d 914. These cases are all distinguishable on the facts. In the Strench case, the inspector, before the hearing began, intimated that he had prejudged the case: I am inclined to agree with the minority opinion in that case. The other cases deal with situations widely different from that in the case at bar.

It is my opinion that the decision is supported by substantial evidence and that the right of the alien to a fair hearing has not been invaded.

Petition denied.